### BUCK *v.* MANHATTAN RY. CO.

*(Common Pleas of New York City and County, General Term.* December 3, 1888.)

CARRIERS OF PASSENGERS—INJURIES TO PASSENGERS LEAVING CAR—QUESTION FOR JURY.

Where a passenger on a railway, in attempting to get off at his destination, is knocked off the car platform by other passengers boarding the train, and injured, no precaution being shown on the part of the guard to prevent interference between passengers getting on and off, it is a question for the jury whether any necessary precaution has been omitted, and it is error to direct a nonsuit.

Appeal from trial term; HENRY W. BOOKSTAVER, Judge.

Action by Carlos C. Buck against the Manhattan Railway Company, for :injuries received through defendant's alleged negligence.  At the conclusion ·of plaintiff's evidence the court dismissed his complaint, and he appeals.

Argued before LARREMORE, C. J., and VAN HOESEN, J.

*Charles Meyers,* for appellant.  *Davies & Rapallo,* for respondent.

LARREMORE, C. J.   The plaintiff was nonsuited upon the trial, and the ·case for review presents a close question as to the defendant's liability. Plaintiff was a passenger on the elevated railroad in Third avenue, and when the :train reached the station at Sixty-Seventh street he walked from his seat to the platform of the car, and, while there, some persons in their attempt to board the train caused him to fall between the car platform and the station platform. ·One of his legs was broken, and for this injury he brought suit.

It does not appear that any precaution was taken by the guard upon the ·train to prevent the incoming passengers from interfering with the plaintiff in his effort to leave the train.   The duty of the defendant as a common carrier towards its passengers required the exercise of proper care and precaution for their safety.   *Maverick* v. *Railroad Co.,* 36 N. Y. 378.   It seems to me :that if any necessary precaution was omitted on the part of the defendant to protect its passengers in their exit or egress, that question should have been left to the jury.   This proposition seems to have been fully sustained in *Byrne* v. *Railroad Co.,* 104 N. Y. 362, 10 N. E. Rep. 539.   I think the judgment should be reversed, and a new trial ordered, with costs to abide the ·event.