### SHEPP v. NEW YORK CENT. & H. R. R. Co.

(*Supreme Court, General Term, Fourth Department.* January 19, 1889.)

RAILROAD COMPANIES—NEGLIGENCE—FIRES.

    Two or three minutes after defendant's engine passed plaintiff's farm dead grass along the track was found to be on fire. There was no one near the place at the time who could have caused the fire. A piece of coal, of the kind used on defendant's engines, and very hot, was found where the fire started.. It was shown that defendant's engines emitted considerable quantities of fire when passing over this part of the road. Defendant's witnesses testified that its engines were inspected daily, and that the most approved spark-catchers were used. It was not shown that the engine in question had been inspected for several days. *Held*, that it was for the jury to determine whether the fire was caused by defendant's engine.

Appeal from circuit court.

Action by Mark Shepp against the New York Central & Hudson River Railroad Company for damages caused by fire from defendant's locomotive. Defendant appeals from a judgment entered on a verdict for plaintiff, and from an order denying a motion for a new trial.

*Ashbel Green*, for appellant.   *G. W. Wisner*, for respondent.

KENNEDY, J. The action is to recover damages claimed by the plaintiff to have been sustained in the burning of a quantity of wheat growing upon his farm, by fire negligently set by the defendant. The plaintiff is the owner of a farm situate in the town of Manlius, which, on the 12th day of July, 1887, he conducted and carried on. The West Shore Railroad, then run and oper-

ated by the defendant, ran through the same, dividing it. On said 12th day of July the plaintiff had growing upon his land, along the side of said railroad track, several acres of wheat. About 1 o'clock P. M. a train of cars, propelled by steam, passed west over the defendant's road. Immediately thereafter, and within two or three minutes, it was discovered that a fire had been set and was burning on the defendant's land in close proximity to the railroad track. A strong wind was blowing, which carried the fire across the defendant's lands onto those of the plaintiff, and into his wheat field, and about three and one-half acres of wheat was burned, for the value of which the recovery was had. Evidence was given tending to show that the fire started very soon after the train had passed. There was no one near the place where it was set, at the time, who could have caused it. The defendant had several days before cut grass and weeds along its track, and left the same lying as it had fallen. It was a very dry time, and had been for many days previous. The fire caught in the grass and weeds which had been cut by the defendant. At the place where it started there was found a piece of soft coal, (the same kind that the defendant used upon its engines,) about one inch and one-half in size, which, when picked up, was hot, so much so that it burned the hand. Other fires had been set along the line of the defendant's road, and in this immediate vicinity, frequently during the month of July, and before the one in question. It was also shown that fire was emitted from the smoke-stacks of its engines passing over this part of its road, in considerable quantities, about the time and before the fire in question was set. The defendant gave evidence tending to show that its engines were inspected daily; that, in making the same, particular attention was given to the spark-catching apparatus; and that those used were of the most approved kind, and in good condition. It does not appear that the particular engine which, it is claimed, caused the fire, had been inspected for some days before that. Upon all the evidence it was for the jury to say whether the fire was set from a coal escaping from the defendant's engine, and, if so, whether negligence was imputable to it. The jury has found both questions in favor of the plaintiff. There is abundant evidence to support this finding, and this court is concluded by the verdict. *Webb* v. *Railroad Co.,* 49 N. Y. 420; *Insurance Co.* v. *Railroad Co.,* 11 Hun, 182; *McCoun* v. *Railroad Co.,* 66 Barb. 338; 1 Add. Torts, 305. We have examined the several rulings upon the trial adverse to the defendant, but find none which justifies a new trial. None of the exceptions to the charge demand particular examination. Judgment and order affirmed, with costs. All concur.