John P. Douglass, Respondent, *v.* The Rome, Water
town and Ogdensburgh R. R. Co., Appellant.

*N. Y. Supreme Court, Fourth Department, General Term, May* 12, 1889.

*Negligence. Question of fact.*—In an action for hay destroyed and farm
injured by fire which were kindled from sparks or coals that fell
from defendant's engines, evidence tending to show that the fires
were set by defendant's engine which scattered along the tracks
cinders and live coals of various sizes, that their spread on to the
plaintiff's land was occasioned by the accumulation of old ties,
dried weeds and grass and rubbish along the sides of the track, and
that an engine with a suitable grate and sparks arrester, when
properly operated, would not scatter coals as large as some dropped
on the present occasion, is sufficient to justify the submission of
the question of the defendant's negligence to the jury.

Action to recover for injuries from fire alleged to have
been caused by defendant's negligence. Appeal from a
judgment entered on a verdict, and from an order denying
defendant's motion for a new trial on the judge's minutes,
heard on a case containing all the evidence.

*Edmund B. Wynn,* for appellant.

*Arthur L. Chapman,* for respondent.

Martin, J.—A quantity of plaintiff's hay was destroyed
and his land injured by fires which were kindled from sparks
or coals that fell from the defendant's engines. For the in-
jury thus sustained, the plaintiff recovered in this action.
The recovery was based on the defendant's negligence. The
defendant now seeks to reverse the judgment herein on the
sole ground that the evidence was insufficient to justify the
submission to the jury of the question of its negligence.

The evidence tended to show that where the fires in

question occurred, the defendant had permitted old ties,. dried grass and weeds (some of which was cut and some remained standing), to accumulate along the sides of its track ; that the fires were discovered immediately after the defendant's train had passed ; that they originated on the defendant's land ; that their spread on to the plaintiff's land was occasioned by the accumulation of such rubbish along defendant's track ; that these fires were set by sparks and coals that were scattered along its track by its engine known as number seventy, which passed the plaintiff's premises each day at about three o'clock, P. M. ; that on several occasions after such engine had passed over the defendant's road, frequent and numerous fires sprang up along its track ; that sparks, cinders and live coals were scattered along the track by such engine ; that they came both from the smoke stack and furnace, and varied in size, some being as large as the end of a person's thumb, some larger than a walnut and others larger than a butternut ; and that an engine with a suitable grate and spark arrester when properly operated would not scatter coals as large as a butternut.

This evidence was, we think, sufficient to justify the submission of the question of the defendant's negligence to the jury.   Sheldon v. H. R. R. R. Co., 14 N. Y. 218 ; Field v N. Y. C. R. R. Co., 32 Id. 339 ; Webb v. R. W. and O. R. R. Co., 49 Id. 421 ; Bevier v. D. and H. C. Co., 13 Hun, 254 ; O'Neill v. N. Y. O. and W. Ry. Co., 45 Id. 458 ; 10 N. Y. State Rep. 147 ; McNaier v. Manhattan Ry. Co., 46 Hun, 562 ; 12 N. Y. State Rep. 562 ; Tanner v. N. Y. C. and H. R. R. R. Co., 13 Id. 501 ; 108 N. Y. 623.

We think this question was properly submitted to the jury, and that the judgment should be affirmed.

Judgment and order affirmed, with costs.