THOMAS COOLIDGE, Respondent, *v*. THE ROME, WATER-TOWN and OGDENSBURGH RAILROAD COMPANY, Appellant.

*N. Y. Supreme Court, Fourth Department, General Term, May* 12, 1889.

*Negligence.—Fires.*—In an action to recover damages caused by fires alleged to have been set by live coals dropped from defendants' engines, and communicated to plaintiff's farm, it is a question of fact for the jury, on the assumption that the engines were prop-erly constructed, whether the dropping of coals from the size of a walnut to a butternut, which would have fallen into the ash-pan, if properly adjusted, and not on the ground, did not show that the engines were out of order, or improperly managed.

Appeal from a judgment and an order denying a motion for a new trial on the minutes. Action for negligently set-ting fire to plaintiff's property.

The plaintiff is the owner of a farm in the town of Phila-delphia, Jefferson county, lying adjacent to and either side of the track of the defendant. Portions of it were burnt over and injured by fire in June and July, 1886, and in July, 1887. It is alleged that on each occasion the fire was com-municated to plaintiff's fields by coals of fire and sparks from defendant's locomotives, that they were improperly constructed, and that on each occasion the fire and burning

of plaintiff's property were the direct result of such defective and improperly constructed locomotives, and of the negligence of the defendant and its employees.

*E. B. Wynn*, for appellant.

*Henry Purcell*, for respondent.

MERWIN, J.—The claim of the appellant is that the evidence in this case does not warrant the finding that the property of the plaintiff has been injured by reason of any negligence of this defendant in the construction or management of its engines.   There is substantially no dispute but that the fire, which injured the fields of the plaintiff, originated upon or near the track of defendant, and spread from that point on to plaintiff's property.   There is evidence tending to show that the fire upon each of the different occasions, started from live coals dropped from the engine upon the track, and that coals were there from the size of a walnut to a butternut.

The theory of the defendant seems to be that its engines were properly constructed and managed, and that if any fire was set from the dropping of coals or cinders, it was unavoidable.   Assuming the engines to have been properly constructed, it was a question of fact whether the dropping of coals, to the extent the evidence on the part of the plaintiff tended to show, did not show that the engines were out of order or improperly managed.   There was evidence to the effect that if the ash-pan was properly adjusted, the coals would fall into it, and not on the ground.

In Field *v.* N. Y. C. R. R., 32 N. Y. 339, it was held that where it is in evidence that engines, properly constructed, and in good order, will not drop coals upon the track, the dropping of coals from defendant's engines upon the track, is, of itself, evidence of negligence sufficient to charge the defendants.

In Webb *v.* R., W. and O. R. R. Co., 49 N. Y. 420, it was

held that the question of negligence did not consist merely in suffering the coals to drop from the engine, but that that, together with the dryness of the atmosphere and earth, the strength and direction of the wind, the permitted accumulation of weeds, grass and rubbish, were all constituents of the act, and went together to make it negligent. In this case, as in that, there are the elements of wind, dryness, and accumulation of rubbish.

As the case stood, we think the question of negligence was for the jury to decide. It was carefully submitted to them by the trial judge, and no exception was taken to his charge. No sufficient reason is shown for this court to interfere with the result.

No point is made as to any ruling on evidence.

The amount of damages, as found by the jury, was within the limits furnished by the evidence·

It follows the judgment and order should be affirmed.

HARDIN, P. J., and MARTIN, J., concur.