JAMES COWAN, Respondent, v. JOHN H. SNYDER, Appellant.

*N. Y. Supreme Court, Second Department, General Term, May, 13, 1889.*

*Negligence. Question of Fact.*—In an action for personal injuries on the ground of negligence, the question whether or not the defendant is the owner of the coach or team of horses, and whether or not the driver was in his employ and was his servant at the time of the accident, and whether or not the driver of the coach was negligent, are, on conflicting evidence, questions of fact and properly submitted to the jury.

Appeal from a judgment entered upon a verdict.

*I. S. Catlin*, for appellant.

*Christopher S. Kinsley (William J. Courtney*, of counsel), for respondent.

DYKMAN, J.—This action was brought against the defendant, for the recovery of damages resulting from injuries

sustained by the plaintiff, who was an infant. In March, 1882, the plaintiff, who was then about eight years of age, was crossing Second street, about twenty feet from the North side of Broadway in the city of Brooklyn, when he stumbled on the railroad track, and fell forward on his face. When he was in the act of rising from the ground, he was struck and knocked down by a team of horses and a coach, alleged to have been in charge of a servant of the defendant. The team was coming up Broadway from the Ferry, and came around the corner of Second street, and struck the boy as he was about to rise, and knocked him down, and the testimony was, that the hind wheel of the coach passed over his leg, and caused the injury complained of.

The usual questions respecting the negligence of the coachman of the defendant were raised upon the trial, and the question was properly presented to the jury. It was the insistence of the defendant also upon the trial, that he was not the owner of the coach or team of horses, and that the driver was not in his employ, and was not his servant at the time of the accident; but the mother of the boy testified that the defendant came to her house soon after the accident and stated " that unfortunately he owned the coach that ran over the boy." The defendant testified that he was not the owner of the coach, and had no recollection of making any such statement; but that question was also submitted to the jury, and as the verdict was in favor of the plaintiff we must assume that the fact was found against the defendant, and the question of negligence was, also, decided against him by the jury.

There was a motion made to dismiss the complaint on the ground that there was no evidence of negligence against the driver of the coach, but that was a question for the jury, and it was properly submitted.

We are unable to find that there was not a fair preponderance of testimony in favor of the plaintiff and sufficient to sustain a verdict.

The appeal is from the order denying a motion for a new trial on the minutes, and there is no appeal from the judgment; yet our examination has extended to the whole case, and we find no sufficient reason for reversing the order or the judgment.

The order appealed from must, therefore, be affirmed, with costs.