JOHN OELERICH, Respondent, *v.* THE NEW YORK CON-
DENSED MILK CO., Appellant.

*Supreme Court, Second Department, General Term, June* 28, 1889.

1. *Negligence. Rapid driving.*—It is negligence to drive a wagon rapidly,
   when the wagon is so constructed that the driver can only see an
   object some twenty feet or more in front of the horses' heads.
2, *Same. Intoxication.*—Injury by reason of the habit of strong drink, or
   a single instance of indulgence, is imputed to the master, while the
   servant is engaged in his business.
3. *Same. Child.*—The question of contributory negligence, in a case of a
   child, is one for the jury, where its tender age is to be considered with
   reference to the degree of prudence and caution required of him under
   the circumstances.

This action was brought by an infant, through his guard-
ian *ad litem*, against defendant for personal injuries. A
judgment was rendered on a verdict in favor of plaintiff,
and a motion for a new trial on the minutes denied, and
defendant appealed from such judgment.

*M. L. Towns*, for respondent.

*Wm. W. Niles, Jr.* ( *Wm. W. Niles*, of counsel), for appellant.

BARNARD, P. J.—The evidence fully sustains the verdict
of the jury in this case. The defendant's driver drove on
a quick trot around a corner in a thickly populated portion
of Brooklyn, and run over a boy under six years of age.
The wagon was so constructed that the driver could only
see an object some twenty feet or more in front of the horses'
heads.

The driver had been drinking intoxicating liquors. It
was negligence to drive a wagon when danger could not be
seen. It was especially dangerous and negligent to drive
so fast when the driver could not see the ground within
twenty feet of his horse, and the habit of strong drink or

a loss certain by a single instance of indulgence, must be imputed to the master under the settled law in respect to master and servant while the servant is doing the master's business. The question of the contributory negligence of the child is one for the jury. This is the general rule, and especially is the rule where the tender age of a child is to be considered with reference to the degree of prudence and caution required of him under the circumstances. Kunz v. The City of Troy, 104 N. Y. 344; 5 N. Y. State Rep. 642.

The judgment should, therefore, be affirmed, with costs.

All concur.