CAMILLA G. TOWNS, Respondent, v. THE ROME, WATERTOWN AND OGDENSBURG RAILROAD COMPANY, Appellant.

*Supreme Court, Fourth Department, General Term, December 7, 1889.*

1. *Negligence. Question of fact.*—In an action against a railroad company for injuries at a street crossing, where the evidence as to whether the signals were given is conflicting, the question of its negligence is for the jury.

2. *Same.*—The rule as to contributory negligence renders, in all cases except those marked by gross and inexcusable negligence, the question involved one of fact.

Verdict for the plaintiff in the sum of $2,500, taken at the Jefferson circuit. A motion for a new trial on the minutes was denied and an order to that effect appears in the appeal book. The appeal is from the judgment and the order. The case contains all the evidence. Action is brought to recover damages caused by the killing of plaintiff's intestate on the 13th day of July, 1888, at the city of Watertown.

Defendant's train was passing from Carthage into the city of Watertown on its track in nearly a westerly direction,

and it had passed Hamilton street, Central street, and deceased was killed while it was passing Rutland street. He was engaged in delivering milk to customers in the city, and his last delivery was at the house of Mrs. Wisner, which was on the south side of the track. He started his horse from her house, going northwardly, and as his horse was passing the track the train struck the wagon and caused the death. There is evidence in the case from which the jury were warranted in finding that before the deceased passed upon the tracks of the defendant he looked both ways to apprehend the approach of a train. The train was a few minutes late.

There were some cars standing near the approach to the crossing, which, to some extent, obstructed the view in an easterly direction. The evidence tends to show that the deceased was approaching on a slow trot, or, as one witness says, his horse was on a " slow shack " as he approached the track. There was some evidence to indicate that the station whistle was given while the engine was between Hamilton and Central streets. There is conflicting evidence as to whether the whistle was blown otherwise than for the station, or the bell rung. The evidence tends to show that the train was moving at the rate of from twenty to twenty-five miles an hour.

*Edmund B. Wirm*, for appellant.

*Hannibal Smith* and *W. F. Porter*, for respondent.

HARDIN, P. J.—Whether or not the defendant was guilty of negligence which caused the death of the plaintiff's intestate was a question of fact for the jury, and the evidence required the court to submit the question to the jury.

There is a conflict in the evidence as to whether the signals were given or not. After a careful perusal of the evidence we are satisfied that within the rule laid down in Culhane's case and other cases to like effect, that there was

sufficient evidence to justify the jury in finding that the bell was not rung or the whistle sounded while the train was passing from Central to Rutland streets where the accident occurred.

(2) There was evidence that the train was moving at the rate of twenty-five miles an hour at the time and just preceding the accident.

(3) There was evidence that there was an ordinance of the city restricting the movement of trains to five miles an hour.

(4) There was evidence that one of the principal officers of the defendant had issued a regulation requiring the movement of trains with care and caution in approaching the station in question.

(5) There was some evidence tending to show an imperfection in one of the brakes in use upon the train which prevented its full operation and effect when applied to slacken the speed of the train.

In Massoth *v*. Delaware & Hudson Canal Co. 64 N. Y. 529, it was said by ALLEN, J., that city ordinances of the character of the one introduced in evidence in this case " are competent evidence upon the question of negligence of railroad corporations, and with proof of a greater rate of speed than that prescribed, proper, with all the other evidence in the case, to be submitted to the jury for their consideration."

Second. We are of the opinion, after a careful perusal of the evidence, that the question of contributory negligence was one of fact for the jury, and that the same was properly submitted to them for determination.

In Massoth *v*. Delaware & Hudson Canal Co., 64 N. Y. 529, ALLEN, J., says: " It is only where it clearly appears from all the circumstances, or is proved by uncontroverted evidence, that the party injured has, by his own acts or neglect, contributed to the injury, that the court can take the case from the jury and nonsuit the plaintiff." Lane *v*. Atlantic Works, 111 Mass. 136; Weber *v*. N. Y. C. & H. R.

R. R. Co., 58 N. Y. 451 ; Hackford *v.* N. Y. C. &. H. R. R. R. Co., 53 Id. 654.

We find the same doctrine reaffirmed and clearly stated in the opinion of RUGER, Ch. J., in Parsons *v.* N. Y. C. &. H. R. R. R. Co., 113 N. Y. 352, in the following language : " The law does not require this ; neither is there any rule which will defeat a recovery in cases of this kind merely because it was possible for an injured person to discover an approaching train. The law does not forbid persons from crossing railroad tracks or impose upon them exclusive responsibility for damages incurred in making such an attempt. The question is, whether the injured party, under all of the circumstances of the case, exercised that degree of care and caution which prudent persons of ordinary intelligence usually exercise under like circumstances. This rule must, in all cases, except those marked by gross and inexcusable negligence, render the question involved one of fact for the jury."

While we recognize the rule that the burden of proof is upon the plaintiff to show the absence of contributory negligence, and that this may be shown by the direct evidence or by evidence and circumstances which reasonably warrant an inference therefrom that the deceased was free of contributory negligence, we are of the opinion that the evidence was sufficient to warrant a favorable verdict for the plaintiff upon the question.

(3) Although the appellant's counsel has in a very general way alluded to the exceptions taken during the trial, and has not presented any argument in respect to any one of them, we have examined them and find no error was committed in the omission or rejection of evidence, or in refusing to nonsuit, and that the charge of the trial judge was delivered to the jury in language satisfactory to the defendant, as we must assume, as no exception was taken thereto. We think the motion for a new trial was properly denied.

Judgment and order affirmed, with costs.

MARTIN, J., concurs ; MERWIN, J., not sitting.

NOTE ON "SUBMISSION OF QUESTIONS OF NEGLIGENCE AND CONTRIBU-
TORY NEGLIGENCE TO JURY."

The evidence held to render the question of plaintiff's contributory
negligence one for the jury. Bryant *v.* Randolph, 53 Hun, 631; Mikklesen
*v.* O. & I. Trans. Co., 31 N. Y. St. Rep. 408.

The questions of the defendant's negligence were held, in the following
cases, to have been properly left to the jury. Pitcher *v.* L. S. & M. S. R.
R. Co., 61 Hun, 623; Wooster *v.* Western N. Y. & P. R. R. Co., Id. 623;
Pollock *v.* B. C. R. R. Co., 60 Id. 584; Block *v.* H. B. M. & F. R. Co., 55
Id. 607; Lynch *v.* B. C. R. R. Co., 52 Id. 614; Diabola *v.* Man. R. Co., 15
Daly, 470; Oldenburgh *v.* N. Y. C. & H. R. R. R. Co., 29 N. Y. St. Rep.
836; Mikklesen *v.* O. & I. Trans. Co., 31 Id. 408; Wilson *v.* B. E. R. Co.,
30 Id. 240; Walker *v.* A. A. R. R. Co., 34 Id. 118; Catalanotto *v.* C. I. &
B. R. R. Co., 27 Id. 47; Murray *v.* B. C. R. R. Co., Id. 280.

The evidence in the following cases was held to require the question of
the defendant's negligence and plaintiff's contributory negligence to be
submitted to the jury. Swift *v.* S. I. R. T. Co., 123 N. Y. 645; Haywood
*v.* N. Y. C. & H. R. R. R. Co., 59 Hun, 617; Moylan *v.* S. A. R. R. Co., Id.
619; Cook *v.* N. Y. C. & H. R .R. R. Co., Id. 617; Pitcher *v.* L. S. & M. S.
R. R. Co., 55 Id. 604; Beckwith *v.* N. Y. C. & H. R. R. R. Co., 54 Id. 446;
Towns *v.* R., W. & O. R. R. Co., Id. 638; Fitzsimons *v.* McConnell, 55 Id.
605; Jonash *v.* Standard G. L. Co., 56 Supr. 447; Germann *v.* S. R. T. Co.,
37 N. Y. St. Rep. 360; D'Oro *v.* A. A. R. R. Co., Id. 411; Jarvis *v.* B. E.
R. R. Co., 40 Id. 825; Fitzgerald *v.* Troy, 54 Hun, 633; Boll *v.* A. R. R. Co.,
52 Id. 610; Shields *v.* N. Y. C. & H. R. R. R. Co., 60 Id. 586; Fahy *v.* R.,
W. & O. R. R. Co., 59 Id. 619; Tonneson *v.* Ross, 58 Id. 415; Friedman *v.*
D. D. E. B. & B. R. R. Co., 33 N. Y. St. Rep. 649; Shanley *v.* Stanley, 39
Id. 368; Healey *v.* Hart B. Co., Id. 122; Donohue *v.* B. C. R. R. Co., 38
Id. 485.

The evidence, in this case, was held to require the submission to the
jury of the questions of negligence, contributory negligence and blowing
of the engine whistle. Wall *v.* D. L. & W. R. R. Co., 54 Hun., 454.

The question of the negligence of the driver and contributory negligence
of the deceased held to be for the jury. Deegan *v.* Cappel, 53 Hun, 623.

The facts warranting the submission of the case to the jury. Quinn *v.*
At. Av. R. R. Co., 34 N. Y. St. Rep. 801.

The negligence of a child, in whose charge a younger sister was at the
time of the accident to the latter, is a question for the jury. Williams *v.*
Gardiner, 58 Hun, 508.

The contributory negligence of a parent, on conflicting evidence, is a
question for the jury. O'Neil *v.* Kinkin, 55 Hun, 608.

Whether a mother, who permits her child of tender years to go on a
street unattended, exercises proper degree of care, is a question for the
jury. Dudley *v.* Westcott Ex. Co., 40 N. Y. St. Rep. 506.

The question whether the plaintiff jumped or was thrown off a car, on conflicting evidence, is for the jury. Ganley *v.* B. C. R. R. Co., 55 Hun, 605.

In an action for negligence, whether the intoxication of plaintiff and associates contributed to the injury, is for the jury. Paris *v.* Green Island, 61 Hun, 622.

The condition of a crossing, and the negligence of the engineer, were held, upon evidence, to be questions for the jury. Spooner *v.* D. L. & W. R. R. Co., 115 N. Y. 22.

Circumstances, in this case, were held to make it a question for the jury whether the deceased exercised proper care. Oldenburgh *v.* N. Y. C. & H. R. R. R. Co., 33 N. Y. St. Rep. 663.

Whether the absence of a rule requiring a signal does not amount to negligence upon the part of the company, is a proper question for the jury. Berrigan *v.* N. Y., L. E. & W. R. R. Co., 59 Hun, 627.

Where inferences arise from the evidence to support or defeat the charge of negligence, the question must go to the jury. McDonald *v.* L. I. R. R. Co., 116 N. Y. 546.

Where inferences to be drawn from the proof are not certain and incontrovertible, the question of negligence must be submitted to the jury. Atwater *v.* Veteran, 52 Hun, 613.

Where there is any evidence, direct or inferential, of care or caution on the part of the person injured, the question of contributory negligence is for the jury. Campbell *v.* N. Y. C. & H. R. R. R. Co., 49 Hun, 611.

Negative evidence against positive evidence makes question for jury. Id.

Where the evidence presents a case from which the jury may deduce inference of negligence, it should be submitted to them. Hilsenbeck *v.* Guhring, 60 Hun, 584.

The facts, in this case, were held to render the question whether the car driver exercised ordinary care, under the circumstances, one for the jury. Mallard *v.* N. A. R. R. Co., 15 Daly, 376. See also, Cowan *v.* Snyder, 52 Hun, 614.

The question as to whether a mother was negligent in allowing her child to play in a yard communicating with the street, was held to be one for the jury. Ames *v.* B. & S. A. R. R. Co., 56 Supr. 3.

The contributory negligence of the driver in attempting to cross a track after the raising of the gates, was held to be question for the jury in this case. Callaghan *v.* D. L. & W. R. R. Co., 52 Hun, 276.

The sufficiency of lights at night on a station platform, to make it safe for passengers, was held a question for jury. Groll *v.* Pros. P. & C. I. R. R. Co., 51 Hun, 643.

The question, whether any necessary precaution has been omitted by the company to protect the passengers in exit or egress, is one for the jury. Buck *v.* Man. R. Co., 15 Daly, 48.

In an action for injuries caused by runaway horses, the question of negligence, when fairly raised by the evidence, should be left to the jury. McMahon *v.* Kelly, 30 N. Y. St. Rep. 915.

The question of the negligence of a driver, and of the contributory negligence of a child and its parents, was held, under the circumstances, to be for the jury. Barrett *v.* Smith, 128 N. Y. 607.

The question whether the negligence was caused by coal escaping from defendant's engine, was held, upon all the evidence, to be for the jury. Shepp *v.* N. Y. C. & H. R. R. R. Co., 51 Hun, 638.

The defendant's negligence, on conflicting evidence is for the jury. McGourty *v.* Curran, 34 N. Y. St. Rep. 494.

The evidence was held sufficient, in an action for negligence against a married woman, to warrant the commission of the questions of ownership and the husband's agency to the jury. Schmidt *v.* Keehn, 57 Hun, 585.

The evidence held sufficient to carry the case to the jury on the question of contributory negligence of a seaman in the use of a steam winch and the master's furnishing reasonably safe appliance. Eldridge *v.* A. S. Co., 58 Hun, 96.

Questions as to the discharge of duty, negligence and contributory negligence are for the jury. McGovern *v.* C. V. R. R. Co., 123 N. Y. 280.

Questions of negligence and contributory negligence, where evidence is conflicting, and different inferences may be drawn, are for the jury. Ferris *v.* Aldrich, 58 Hun, 610.

Facts requiring questions of negligence and contributory negligence to be submitted to the jury. Wiel *v.* Wright, 55 Hun, 611, 612.

On a conceded or supposed state of facts, the question of contributory negligence is one for the court. McPhillips *v.* N. Y., N. H. & H. R. R. Co., 37 N. Y. St. Rep. 263.

The question of negligence was held, under circumstances of this case, one for the jury. Jones *v.* Sagar Co., 59 Hun, 627.

In an action for injuries sustained by being thrown down an unguarded embankment on the highway, the question whether the commissioners were negligent in not protecting the embankment by a barrier, is for the jury. Holcomb *v.* Champion, 59 Hun, 620.

Whether the absence of a guard or light other than ordinary street lamps is negligence, is question for the jury. McDonald *v.* Troy, 59 Hun, 618.

The question of negligence was held, upon conflicting evidence, to be one for the jury. Schachne *v.* Barnett, 58 Supr. 145; Cullen *v.* Norton, 52 Hun, 9.

The question of defendant's negligence in so piling lumber as to be precipitated by the weight of the child, is one for the jury. Earl *v.* Crouch, 57 Hun, 586.

It should be left to the jury to determine from all the evidence, and under the circumstances disclosed, whether the defendant had been negligent in omitting precautions. Morseman *v.* Man. Ry. Co., 16 Daly, 249.

Contributory negligence is, in all cases except those marked by gross and

inexcusable negligence, a question for the jury. Murphy *v.* R., W. & O. R. R. Co., 56 Hun, 645.

Where reasonable minds may draw different conclusions, the question of the defendant's negligence is one for the jury. Sweeney *v.* N. Y., N. H. & H. R. R. Co., 58 Super. 223.

The question of negligence of plaintiff is generally for the jury to decide. Taylor *v.* Town of Constable, 57 Hun, 371.

The flagman's incompetency and the plaintiff's knowledge of such incompetency, are upon conflicting evidence, questions for the jury. Bossout *v.* R., W. & O. R. R. Co., 57 Hun, 589.

The questions of the master's negligence and the servant's notice should be submitted to the jury. Albertz *v.* Bache, 57 Hun, 592.

The questions of the defendant's negligence and plaintiff's contributory negligence, are, upon conflicting evidence, for the jury. Swift *v.* S. I. R. T. Co., 123 N. Y. 645.

As to when the contributory negligence of an employee, engaged in testing the castings, is question for the jury. Moeller *v.* Brewster, 57 Hun, 564.

Such question is for the jury in all cases except those marked by gross and inexcusable negligence. Id.

The question of contributory negligence, except when gross and inexcusable, is for the jury. Oelerich *v.* Cond. M. Co., 53 Hun, 633; Tucker *v.* N. Y. & H. C. R. R. R. Co., 33 N. Y. St. Rep. 863.

Where different inferences may be drawn from the same facts, or the facts themselves are in dispute, the case must be submitted to the jury. Sneider *v.* Treichler, 30 N. Y. St. Rep. 959.

The facts, in this case, were held to render it a question for the jury whether the plaintiff exercised due care at the time of the accident. Kane *v.* N. Y., N. H. & H. R. R. Co., 56 Hun, 648.

The question of defendant's negligence in the construction of an elevated railway, in an action by a servant for personal injuries, is one for the jury. Davidson *v.* Cornell, 31 N. Y. St. Rep. 982.

Whether a former similar injury is a notice to defendant that the machine is out of order, is a question for the jury. McCarragher *v.* Rogers, 120 N. Y. 526.

The defendant's negligence, and the plaintiff's contributory negligence, upon conflicting evidence, are questions for the jury. Lent *v.* N. Y. C. & H. R. R. R. Co., 120 N. Y. 467.

Whether on all the facts the defendant was negligent, was held to be a question for the jury. Kranz *v.* L. I. R. R. Co., 123 N. Y. 1.

The question of contributory negligence is usually one of fact. Fay *v.* Lindley, 58 Hun, 601.

Where the plaintiff's view of the track is interfered with by persons between him and the hand car and by smoke and steam from the engine, he cannot be held guilty of contributory negligence as matter of law, but the question is properly one for the jury. Conklin *v.* N. Y. C. & H. R. R. R. Co., 63 Hun, 62.

It is a fair question of fact for the jury to determine whether plaintiff by his own negligence contributed to the injury, where it does not conclusively appear that, if he had looked when he started to cross the track, he could have seen the approaching train in time to have avoided the accident, by reason of the darkness and the obstruction of the view by another train. Kane *v.* N. Y., N. H & H. R. R. Co., 132 N. Y. 160.

See further, Embler *v.* Town of Walkill, 132 N. Y. 222 ; Griffith *v.* U. & M. R. R. Co., 63 Hun, 626; Noonan *v.* N. Y. C. & H. R. R. R. Co., 62 Id. 618; Scott *v.* Third Ave. R. R. Co., 61, Id. 627; McCaffrey *v.* Pres., etc., 61 Id. 618; Barry *v.* Second Ave. R. R. Co., 41 N. Y. St. Rep. 342; Startz *v.* Penn., N. Y. C. & R. Co., 42 Id. 457; Smith *v.* Penn. Coal Co., 45 Id. 371.