EIGHME v. ROME, W. & O. R. Co.

(*Supreme Court, General Term, Fifth Department.* June 20, 1890.)

RAILROAD COMPANIES—FIRE FROM LOCOMOTIVE—NEGLIGENCE OF STATION AGENT.

Where a fire which originated from a locomotive spark upon the premises of the railroad company, near a station, in some dry grass, was communicated thereby to a house, the company is liable for the destruction thereof where it appears that the station agent's attention was attracted to the burning grass, but that, seeing some boys engaged in an apparently successful attempt to stamp it out, he gave it no further attention.

Appeal from circuit court, Niagara county.

Action by George W. Eighme against the Rome, Watertown & Ogdensburgh Railroad Company. Verdict and judgment for the plaintiff, and a new trial denied. Defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Edmund B. Winn,* for appellant. *A. K. Potter,* for respondent.

MACOMBER, J. This action was brought to recover the value of a house situate in Wilson, N. Y., destroyed by fire on the 25th day of April, 1888, alleged to have been caused by the negligence of the defendant or its employes and servants. The house was located on the south side of the defendant's railroad, and near its depot, the rear portion of the lot touching upon the defendant's railroad. On the day mentioned one of the defendant's trains had passed over the road westwardly, stopping at this station, the locomotive being brought to a stand in the vicinity of and opposite the plaintiff's lot. Soon after, the train passed on, and before it was out of sight a fire was discovered in the grass and weeds along the defendant's road, opposite the plaintiff's premises. The contention in behalf of the plaintiff at the trial was that the fire passed from the lands of the railroad to those of the plaintiff, and burned towards the house, about 20 rods distant, through the grass that was there growing, and finally caused the destruction of the building. So much of the plaintiff's case is hardly controverted. Evidence was given for the purpose of showing that the locomotive which was supposed to discharge the coals causing the fire was defectively constructed or was out of repair. But this branch of the case was entirely withdrawn by the trial judge from the jury, under instructions advising them that there was not sufficient evidence to hold the defendant liable by reason of any such defects in the engine. The case therefore narrowed itself down to one of diligence or care in the station agent in suppressing the fire after he had been apprised of its existence. The fire originated about 4 o'clock in the afternoon. The attention of the station agent was called to it soon thereafter, and before it had passed to the plaintiff's premises, but he made no effort to extinguish it, except that he stepped out of the station building and observed that two boys were engaged in the effort to smother the flames, and that, so far as he could observe or was informed, they had succeeded in so doing. Further than this he seems not to have given the matter any personal attention. It is claimed in his behalf that he did all that could be reasonably expected of him under the circumstances, inasmuch as he had no assistant or clerk to take his place, and that his duties were so various as to require him not only to act as ticket agent, but as train dispatcher, telegraph operator, and station-master. Yet, at 5:30 o'clock, notwithstanding the multiplicity of such duties, he left the station to go to his home for supper, and while seated at table he was informed that the plaintiff's house was on fire. It was then too late, with the appliances at hand in the village, to avert the total destruction of the house.

The court, in substance, charged the jury that if they were satisfied that there was carelessness or inattention on the part of the defendant and of its agent at that station in effort to check and subdue the fire, and that the plain-

tiff himself was not chargeable with any want of care on his part, there could be a recovery in the case, if the jury were satisfied that the fire originated upon the premises of the defendant from coals coming from the locomotive, even though the engine was not shown to have been made without proper appliances for either the extinguishment of sparks from the smoke-stack, or the retention of the coals in the fire-pan. This portion of the charge presents the material question raised on this appeal. Touching the plaintiff's failure to extinguish the fire after the same had communicated with his own premises, little, if anything, need be said, for the premises were vacant, and had been for some time, as the plaintiff resided at a considerable distance therefrom, and knew nothing about the threatened dangers to it, and neither he nor any agent of his was in a position to assist in the protection of the property.

The learned counsel for the appellant says in his brief that this case is essentially different from any railroad fire case that he has ever known to be presented for review on appeal. We agree with him that it has one feature which separates it from the general run of cases where reclamation is made upon a railroad for damages caused by the escape of cinders or sparks from the locomotives, in that, under the ruling of the trial judge, there can be no pretense made in this case that the locomotive was either defectively constructed or carelessly managed. Yet that the fire was started on the defendant's premises from the escape of coals or cinders from this locomotive admits of no reasonable doubt, under the evidence. Testimony was given to the effect that the defendant had permitted the grass to grow along the wayside of its tracks, so that the same was of considerable height (nearly a foot and a half) in the vicinity of the beginning of this fire. There was some evidence to show that this had been permitted to remain in such condition for a year or so. Further than this, there is nothing to show that the defendant had permitted the accumulation of combustible matter. In the case of *O'Neill* v. *Railway Co.*, 115 N. Y. 579, 22 N. E. Rep. 217, which was an action to recover damages for injuries to certain woodlands belonging to the plaintiff lying near the defendant's road, set on fire through the negligence of the defendant, where it appeared that the sparks from the locomotive passing on the defendant's road set fire to brush, wood, old rails, and other combustible material which it had allowed to accumulate on its lands, the fire spreading to the plaintiff's premises through the lands of another, it was held that, even conceding that the escape of the fire from an engine is inevitable, a railroad company is bound to remove combustible material from its path, and to prevent such accumulation thereof by the side of the tracks as will, in consequence of fire falling upon it, endanger the property of others. In *Webb* v. *Railroad Co.*, 49 N. Y. 420, the negligent act consisted, not merely in suffering coals to fall from the engine, but was made up of other circumstances, such as, among others, the dryness of the atmosphere, of the earth and its herbage, and the accumulation of weeds, grass, and rubbish by the side of the defendant's track. A recovery therein was sustained on the ground of an omission of duty by the railway's employes to protect the plaintiff's property damaged by fire originating on the company's lands. In *Coolidge* v. *Railroad Co.*, 5 N. Y. Supp. 301, which was an action to recover damages for injuries to the plaintiff's farm, caused by fire set by live coals and sparks dropping from the defendant's locomotive and communicating to the plaintiff's lands, it was held that, assuming the engines to have been properly constructed, it was a question of fact for the jury whether the dropping of coals did not show that the engine was out of order or improperly managed. In *Douglas* v. *Railroad Co.*, 5 N. Y. Supp. 214, which was an action to recover for hay alleged to have been destroyed by fires kindled from sparks or coal that fell from the defendant's engine, evidence was given tending to show that where the fires occurred the defendant had permitted old ties, dry

grass, and weeds to accumulate along the sides of its track. The fires were discovered immediately after the defendant's train had passed. The spreading thereof to the plaintiff's lands was caused by the accumulation of rubbish along the defendant's track. The fires were set by coals and sparks that were scattered along its tracks by one of its engines, some of them as large as a butternut. It was held that such facts are sufficient to justify the submission of the defendant's negligence to the jury. In *Tanner* v. *Railroad Co.*, 108 N. Y. 623, 15 N. E. Rep. 379, the plaintiff's goods, which were shipped on the defendant's road, to be transported to Rome, were destroyed by fire while in a freight-car at Rome, the fire being communicated to the car from the freight-depot, near which it was standing. The fire was caused by sparks thrown from a defective engine, which set the depot on fire. Evidence was given by the defendant to show that the smoke-stack and the spark-arresting arrangement of the locomotive that was supposed to have caused the fire were in perfect condition, and that the fire could not have been set from the sparks therefrom. It was held that the burning of the car containing the plaintiff's goods was, under the conditions existing at the time, a natural result of the burning of the freight-house, and, if that was attributable to the negligence of the defendants, it was responsible for the loss of the plaintiff's goods. In none of these cases, it is true, did it affirmatively and distinctly appear that the locomotive was properly constructed and properly managed, but the decisions therein afford analogies from which we think we can safely arrive at the same conclusion as the learned trial judge in this instance.

The fire having its origin on the, defendant's premises, and inflammable matter by the side of the railroad becoming a medium to spread the fire to the plaintiff's premises, the defendant was charged in law with the duty of using all reasonable means to arrest the fire, so as not to injure the plaintiff. The evidence is sufficient, we think, to sustain the finding of the jury in this regard, and that the defendant's agents failed to exercise proper and reasonable diligence in preventing the spread of the fire from the lands of the railroad to the house of the plaintiff. The judgment and order appealed from should be affirmed. All concur.