## BILLINGS *v.* FITCHBURGH R. Co.

*(Supreme Court, General Term, Third Department.    November 26, 1890.)*

1. RAILROAD COMPANIES—SETTING OUT FIRES—EVIDENCE.

In an action against a railroad company for the negligent burning of buildings situated near its track, evidence that the fire was not seen along the track before defendant's train passed; that it was seen 15 or 20 minutes afterwards; that the weather was very dry;    that there was no one about before the fire started; and that all engines emitted sparks,—was sufficient to be submitted to the jury on the question whether defendant's engine caused the injury.

2. SAME—EVIDENCE OF NEGLIGENCE.

The fire occurred in April.    There was evidence that along the track at the place. in question there were weeds, yarrow, and burdock that grew there the summer before, as well as bushes and weeds two feet high, and that there was also a pile of dry chippings from pine trees.    *Held*, sufficient to justify a finding that defendant negligently permitted along its track an accumulation of combustible material which caused the fire.

Appeal from circuit court, Saratoga county.

Action by Jesse Billings against the Fitchburgh Railroad Company to recover for the negligent burning by defendant of buildings situate near its railway and belonging to plaintiff.    There was a verdict for plaintiff for $750. From the judgment entered thereon defendant appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*T. F. Hamilton,* for appellant.    *J. D. Baucus,* for respondent.

LEARNED, P. J.    The learned justice in his charge practically held that there was no evidence to warrant the finding that the defendant was negligent in respect to the construction of the engine.    He left it to the jury, however, to determine whether there was negligence on the part of the defendant in permitting the accumulation of dry and dead vegetation along the track, and held that if there was such negligence, and if the fire in such vegetation caught from sparks emitted by the engine, and then extended to and destroyed plaintiff's property, there might be a recovery.    We need not therefore inquire whether there was proof of imperfect construction of the engine, since the recovery was not on that ground.

The question must be whether there was sufficient proof for the jury that the fire was caused by sparks from the engine, and whether there was proof of defendant's negligence as to the dead vegetation.    There was proof that the fire was not seen along the track before the train passed, and that it was seen some 15 or 20 minutes afterwards, on the east side of the track, the wind being north-westward and strong; and that there was no one about there before the fire started.    It was also shown that all engines will emit sparks, and that the weather was very dry.    Now, we think that this kind of evidence, which we have briefly stated, was sufficient to be submitted to the jury on the question whether defendant's engine caused the fire.    So it was held in *Smith* v. *Railway Co.*, L. R. 6 C. P. 14.    And such must have been the view taken in *Eighme* v. *Railroad Co.*, 10 N. Y. Supp. 600.    The case of *Shepp* v. *Railroad Co.*, 4 N. Y. Supp. 951, is substantially to the same effect, although there was the further fact of the finding of a piece of coal on the track.    See *Seeley* v. *Railroad Co.*, 102 N. Y. 719, 7 N. E. Rep. 734.    It is hardly possible in cases of this kind, occurring in the country, and often at a distance from houses, to prove by eye-witnesses that sparks from the engine

ignited the fire; and the proof, therefore, must be such as the circumstances permit.

The next question is whether there was evidence of negligence on defendant's part in leaving dead vegetation along the track where it would be likely to be ignited. That such acts may be evidence of negligence is settled. *O'Neil* v. *Railway Co.*, 115 N. Y. 584, 22 N. E. Rep. 217; Shear. & R. Neg. §§ 674, 678. This fire occurred the 10th of April. There was evidence that there were weeds, yarrow, burdock, and whatever grew there the summer before; that the railroad gave to any who wished permission to cut the growth along the road, and that such persons cut what they wanted and left the rest, which consisted of brush, weeds, and anything of that kind. There were also bushes and weeds described as two feet high, and there was a pile of dry clippings from pine trees,—yellow pine and white pine. Now, without going into the detail of this evidence, it is enough to say that the jury could well have found that the railroad company negligently permitted along its track an accumulation of combustible material which caused this injury to plaintiff. The defendant is required by statute twice a year to cut down noxious weeds, although this requirement is probably intended for the protection of agriculture. But, aside from this statutory requirement, the defendant ought to take reasonable care that the sparks which are quite likely to be emitted from its engine should not fall on combustible material along the track. We see no ground to sustain any of the exceptions taken by the defendant on the trial. Judgment and order affirmed, with costs.