Evelyn A. Nichols and Hanna Nichols, Respondents, *v.*
The Lehigh Valley Railroad Company, Appellant.

(County Court, Schuyler County, November, 1908.)

Railroads and railroad companies — Operation of railroad — Fires —
Sufficiency of evidence.

In an action against a railroad company to recover damages
from a fire resulting from defendant's negligence, proof that de-
fendant cut the grass and weeds along its right of way and let
them lie there in the swath until dry, and that thereafter a fire
broke out, shortly after the passage of one of defendant's trains,
which was practically out when defendant's station agent came
back from dinner, about half an hour after the train left the
station, and that the fire began inside the railroad fence and went
toward the plaintiffs' vineyard where it was extinguished, is suffi-
cient to establish defendant's negligence.

Appeal by the defendant from a judgment of a justice's
court of the town of Dix, in favor of the plaintiffs, rendered
upon a trial before a justice without a jury.

Diven & Diven, for appellant.

George M. Velie, for respondents.

Nye, J.    This action was brought to recover damages
alleged to have been occasioned by a fire negligently set by
the defendant or its employees.  The negligence complained
of consisted in allowing to accumulate, upon the defend-
ant's right of way, inflammable material which was liable to
become ignited from sparks emitted from passing locomo-
tives.  The evidence shows that, in the fall or summer of
1906, the defendant caused the grass and weeds along its
right of way to be mowed, which it then permitted to lie
in the swath, upon the ground; that, on or about March 20,
1907, a fire started in this material and spread upon the
adjoining lands of the plaintiffs and burned over about three
acres of grape vineyard, causing the damage that is sought

to be recovered for in this action. The cause was tried before a justice of the peace without a jury, and a judgment rendered against the defendant for $180 damages and $2.35 costs.

The appellant insists that the proof of negligence was insufficient to impose liability, and that the damages awarded are excessive.

It appears from the evidence that the appellant's railroad passes through the respondents' farm, in a northerly and southerly direction; that upon the respondents' farm, and adjoining appellant's road upon the east, is a grape vineyard of about seven acres in extent; that, in the fall or summer of 1906, the appellant's employees mowed the grass and weeds upon either side of the tracks and left it lying in the swath, upon the ground; that, at the point where appellant's road passes through respondents' farm, there is a grade of about twenty-one to twenty-three feet to the mile.

It appears from the testimony of appellant's station agent at Hector, that the vineyard in question is about forty rods south of and in sight from Hector station; that, on the day of the fire which burned this vineyard, he was on duty at the station; that train No. 4, a passenger train, passed the station at eleven fifty-two o'clock; that, after passing the station, the train passed up the grade and along the track on the west of the vineyard; that, two minutes after this train left the station, he went to dinner; that, at the time the train passed, he saw no fire along the tracks and that there was no fire in sight; that he returned to the station about twelve-thirty o'clock; that at that time men were watching the fire, which was practically out; that the smoke was drifting eastward in the direction of the vineyard.

A track workman in appellant's employ testified that, on the day of the fire, he was working up the hill from the fire; that he saw the fire about noon; that he first saw the fire burning inside the railroad fence, and the ground was all burned between the track and the fence; that when he first saw the fire it was going away from the track and toward the vineyard and that he put the fire out in the vineyard.

The appellant was operating its road under lawful au-

thority past the respondents' vineyard, upon its own land, and there is no direct proof of negligence in the management of its engines, yet the evidence was, it seems to me, in the absence of explanatory evidence on the part of the defendant, sufficient to justify the justice in finding that the defendant negligently permitted, along its right of way, an accumulation of combustible material, consisting of dried grass and weeds; that sparks or cinders from defendant's engine ignited the same, causing the fire which spread onto the plaintiffs' land and caused the damage complained of.

In Billings v. Fitchburg R. Co., 11 N. Y. Supp. 837, the court says: " It is hardly possible in ·cases of this kind, occurring in the country, and often at a distance from houses, to prove by eye witnesses that sparks from the engine ignited the fire; and the proof, therefore, must be such as the circumstances permit."

In Brown v. Buffalo, R. & P. R. R. Co., 38 N. Y. Supp. 655, it was held: " Whether a railroad company was negligent in not removing from its right of way weeds and grass which had been mown and left there during the dry summer months, and in which a fire started from sparks from an engine, is a question for the jury."

In O'Neill v. New York, O. & W. R. Co., 115 N. Y. 579, the court says: " That conceding the escape of fire from an engine is inevitable, * * * a railway company is bound to remove combustible material from its path, or, at least, prevent such an accumulation thereof by the side of its tracks as will, in consequence of fire falling upon it, endanger the property of others."

It was held in Hoffman v. King, 160 N. Y., 618, that the trial court properly submitted the question of negligence to the jury, upon the theory that properly constructed locomotives, with the most approved spark arresters, will, of necessity, emit some sparks, and that, consequently, in periods of drought, the duty devolved upon the defendants of keeping their right of way free from combustible material which was liable to be ignited from sparks so emitted.

Upon the question of damages, plaintiffs' evidence was to the effect that the farm was of the value of $8,000 before the

vineyard had been burned and $7,800 after the vineyard had been burned.

It is the rule, ordinarily, that where the cost of repairing the injury, or the expense of restoration of the land to its former condition, is less than the diminution in value of the whole property, the cost of restoration is the proper measure of damages, to which might be added the loss of the use of the property in the meantime; but, where the plaintiff proves the amount of damage by showing the value of the premises before and after the injury and the defendant does not show the damage in any other way, the damages may be assessed as plaintiff suggests, and the defendant cannot complain upon appeal.   Hartshorn v. Chaddock, 135 N. Y. 116.   It was therefore proper for the plaintiffs to prove their damage in the way it was proven; and, if the defendant was not satisfied with the mode, or believed that the cost of restoration would be less than the diminution in value, it was its privilege to make proof of it and, not having done so, it cannot now complain.

The rule governing the consideration of appeals has been stated in various ways, but all are to the same purport.

In Sanger v. French, 157 N. Y. 213, O'Brien, J., says: "A court on appeal cannot set aside the findings of the trial court merely because they are of opinion that, upon the record before them they would feel constrained to find the fact the other way.   It must appear judicially from the record that the findings are against the weight and preponderance of proof so plainly that it can be held that the trial court or referee could not reasonably arrive at the conclusion expressed in the decision."

It follows that the judgment appealed from must be affirmed with costs to the respondents.

Judgment affirmed, with costs to respondents.