DANIEL BELTON, Respondent, *v.* EDWARD W. BAXTER et al.,
Appellants.

A foot passenger has no priority of right over vehicles in the streets of the
city of New York.

Plaintiff desiring to cross Second avenue in the city of New York, saw a
car approaching rapidly, and behind it a cart traveling still more rapidly,
he hurried on, making his calculations, as he testified, to pass in front
of the car " before the cart could get up," he had just passed ahead of the
horses attached to the car, when he came in contact with the cart and
was injured. In an action to recover damages against defendants, the
owners of the cart, *held*, that plaintiff was not entitled to recover; that
it was negligence *per se*, for a foot passenger to attempt to cross a public
thoroughfare ahead of vehicles of any kind under such circumstances,
upon nice "calculations" of the chances of injury.

(Argued March 20, 1873; decided June term, 1873.)

APPEAL from judgment of the General Term of the Supe-
rior Court of the city of New York, affirming a judgment in
favor of plaintiff entered upon a verdict.

This action was brought to recover for injuries sustained
by plaintiff by coming in collision with defendants' horse and
cart upon Second avenue in the city of New York, through
the alleged negligence of defendants' cartman.

The facts sufficiently appear in the opinion.

*N. C. Moak* for the appellants. The question of negli-
gence was one of law. (*Barker* v. *Savage*, 45 N. Y., 191;
*Gonzales* v. *N. Y. & H. R. R. Co.*, 38 id., 440; *Steves* v.
*O. & S. R. R. Co.*, 18 id., 422; *Ginnon* v. *N. Y. & H. R.
R. Co.*, 3 Robt., 25; *Dascomb* v. *Buf. & S. L. R. R. Co.*,
27 Barb., 222; *Thwings* v. *Cent. Park R. R. Co.*, 7 Robt.,
618.) Plaintiff's negligence contributed to the accident and
he cannot recover. (*Havens* v. *Erie R. Co.*, 41 N. Y., 296;
*Wilds* v. *H. R. R. R. Co.*, 29 id., 314, 315; *Barker* v. *Sav-
age*, 45 id., 191, 195; *Ernst* v. *H. R. R. R. Co.*, 39 id., 61;
*Williams* v. *Richards*, 3 Car. & K., 82; *Woolf* v. *Beard*,
8 Car. & P., 373; 34 E. C. L. R.; *Hawkins* v. *Cooper*, id.,

473, 474; *Luxford* v. *Large*, 5 id., 421; *Cotton* v. *Wood*, 8 C. B. [N. S.], 571 ; 98 E. C. L. R.) Where the judge's charge is so confused or indefinite that it may have misled the jury, a new trial will be granted. (*Hanford* v. *Artcher*, 4 Hill, 271 ; *Hall* v. *Naylor*, 18 N. Y., 591; *Sayre* v. *Townsends*, 15 Wend., 147; *Alexander* v. *Blodgett*, 44 Vt., 476.) Plaintiff was bound to use the care that a prudent man was bound to exercise under similar circumstances. (*Curtis* v. *Detroit, etc.*, 27 N. Y., 167 ; Shear. & Redf. on Neg., § 11.)

*Stephen A. Walker* for the respondent. The motion to dismiss the complaint on the ground of contributory negligence, was properly denied. (*Baxter* v. *Second Ave. R. R. Co.*, 3 Robt., 511 ; *Aaron* v. *Second Ave. R. R. Co.*, 2 Daly, 127.)

REYNOLDS, C. There should be a new trial in this case, for the following reasons :

(1.) The plaintiff was guilty of negligence which certainly contributed to his injury, and this is apparent upon his own testimony. He wanted to cross Second avenue, on Fourth street where he resided. It was near evening, but still daylight, and he saw a Second avenue car coming just above Third street, and behind it a cart also coming. The car was moving pretty fast, and all this was plainly seen when he was between eleven or twelve yards from the curbstone in Second avenue. He hurried on a little, and made his "calculation" that he could cross in front of the car, " before the cart could get up." It is thus evident, that the plaintiff expected the cart to attempt to pass the car as it did, and his calculations were accordingly made. He stepped on, the car came faster than usual, he just passed the heads of the horses attached to the car, and at that moment came in contact with the horse and cart of the defendants, or some of its appendages and received the injury. This makes out a plain case of negligence. He clearly saw the possible danger, made his calculations to pass ahead of both car and cart and failed. The

carman of the defendants had no reason to suspect that any such attempt would be made. He could not see the plaintiff as the street car obstructed the sight, and it can scarcely be said, that he was guilty of negligence in driving his cart. It is negligence *per se* for a foot traveler to attempt to cross a public thoroughfare ahead of vehicles of any kind under such circumstances, upon nice calculations of the chances of injury. If such attempt be made and the calculations fail, to the plaintiff's harm, he can have no redress for injuries received in his mistaken effort. It is not the exercise of common or ordinary care.

(2.) The judge charged the jury that the plaintiff "had a right to go in front of the vehicle and cross at that time if he did not place himself in a position where this vehicle by proper care could not avoid him. He had as much right to cross there as the vehicle had to go on in the other direction."

It may be possible that, as a mere abstract legal proposition, this may have been correct, but as applied to this case, it obviously tended to mislead the jury, and relieve the plaintiff from the exercise of any care. No matter how negligent the effort of the plaintiff to cross the avenue may have been, it was said he might still recover if the defendants could have avoided the infliction of the injury. It is very obvious, also, that the learned judge intended to give the jury to understand that the foot traveler had some priority of right over vehicles in the city of New York, for he tells them " I hold it as a principle of law that if I attempt to cross Broadway, or any other crowded thoroughfare, I am not obliged to turn back to avoid a vehicle if that vehicle by reasonable care can avoid me. It is the business of the driver to stop and allow me to pass, it is not my business to turn and go back for the purpose of avoiding him, I am there by right, and my right is paramount to his, because I am the first in point of time." In this case it was very unfortunate that the plaintiff was not there first in point of time, but both parties reached the point of collision at the same instant of time without the one then expecting to meet the other. But it seems

clear that such instructions were in violation of the rule laid down by the Court of Appeals in *Barker* v. *Savage* (45 N. Y., 191, 195).

The learned judge who delivered the opinion of the General Term of the Superior Court, quoted approvingly the charge of the judge at the trial, the correctness of which we feel compelled to doubt, and then adds that such a rule has been frequently asserted by that court, and he thought should be sometimes, at least, recognized by the drivers of vehicles, who, it is also said, " practically and habitually regard foot passengers as mere intruders upon and obstructors of the highway, who can be run over with impunity." We entirely agree that the drivers of vehicles in any public thoroughfare should observe the law, without any special reference to the court by which it is pronounced. The evidence does not disclose the ordinary habits in this respect of the drivers of vehicles in the city of New York, and we are not at liberty to take judicial notice of the fact, even if verified by the personal observation and experience of any one or more of the learned judges of the Superior Court of that city.

GRAY, C. The plaintiff, as a witness in his own behalf, states his case substantially as follows:

In March, 1866, while walking on the northerly side of Fourth street, in the city of New York, toward Second avenue in that city, and when within eleven yards of the curb-stone along Second avenue, he saw a street car on that avenue, just above Third street, approaching the crossing over the avenue which he was about to pass (the distance between Third and Fourth streets, as appeared by the map given in evidence, was 200 feet, added to which was the space occupied by the two streets), at the same time he saw this car approaching him from below Third street he saw a horse and cart, then some fifty or sixty feet behind the street car, approaching the same crossing; that the car was moving, as he said, rapidly, at the rate of some six miles per hour, and

the horse and cart with so much greater speed that when the car and cart had come near Fourth street, the horse and cart had lapped upon the farther side of the car from the plaintiff so far as to be out of his sight. It also appeared from uncontradicted evidence, that the avenue in rear of the car was clear for a long distance, nevertheless the plaintiff believing he could cross safely in front of the car undertook to do so, and after passing the heads of the horses by which the car was drawn, came in contact with the horse and cart, and received the injury complained of. In this he clearly lacked the exercise of ordinary prudence; a momentary delay at the crossing while the car was passing the distance of thirty-four feet, shown to be the space occupied by the horses and car, moving at the rate of six miles per hour, and the horse and cart at much greater speed was, in my opinion, negligently omitted, and thus the plaintiff contributed to the injury of which he complained and ought to have been nonsuited.

All concur.

Judgment reversed.