Day, J.
The liability of the city for the unsafe condition of the streets, especially when it arises from natural causes, is contested; but the view we take of the case renders it unnecessary to determine that question; for, if it exists, and the negligence of the city be conceded, the plaintiff was not entitled to recover, if his injury resulted from the want of ordinary care on his part. His negligence is claimed to be established by the special verdict; and we think the question made on this point is decisive of the case.
In rendering .a general verdict in favor of the plaintiff, the jury necessarily found that he was without fault. Was this finding consistent with the facts specially found by them ?
The plaintiff charged that the defendant suffered snow and ice to accumulate and remain on the sidewalk, in such 'manner that the sidewalk “became unsafe and dangerous.” The unsafe and dangerous character of the obstruction was the gravamen of the complaint; for, if it did not render the sidewalk unsafe, there was no such negligence of the city as would afford a ground of complaint. It must be assumed, then, to entitle the plaintiff to recover, that the obstruction was of an unsafe and dangerous character; and the jury must have so found, or they could not have found against the defendant.
In regard to this unsafe and dangerous obstruction, the jury, by their special verdict, found that, as matter of fact, the plaintiff knew its nature and character before he attempted to pass over it; and that, having such knowledge, *249 he voluntarily passed over it, when he could have avoided it, and reached his destination without going over it. Indeed, it is fairly inferable from the special findings that he could have “ easily” avoided the obstruction. Under such circumstances it was his duty to avoid the danger.
If the snow and ice presented a dangerous obstruction, which the defendant was bound to remove, so that it was negligence to leave it on the sidewalk, it must follow, since its “ nature and character ” were known to the plaintiff, that it was imprudence in him to venture upon it, or that, if it was prudent for him to pass over it, he did not exercise due care.
The case, as found by the special verdict, is not one where there is an obstruction not known to be perilous. In that class of cases negligence can not be imputed to one who uses such carefulness as a man of ordinary prudence would exercise. But where there is danger, and the peril is known, whoever encounters it, voluntarily and unnecessarily, can not be regarded as exercising ordinary prudence, and therefore does so at his own risk. Darken v. City of Troy, 61 Barb. 437; Evans v. City of Utica, 69 N. Y. 166 ; Wilson v. City of Charlestown, 8 Allen, 137 ; Belton v. Baxter, 54 N. Y. 245 ; Pennsylvania Co. v. Rathgeb, 32 Ohio St. 66. This was the case of the plaintiff, as shown by the special verdict. He was, then, not without fault on his part. But the general verdict necessarily exculpates him from negligence. The special and general verdicts are therefore inconsistent. In such eases, “ the former controls the latter, and the court may give judgment accordingly.” Code, § 277.
It follows that the court did not err in refusing to render judgment on the general verdict, nor in rendering judgment on the special verdict in favor of defendant.

Judgment affirmed.