Bradley, J.
While traveling on Louisiana street, in the city of Buffalo,. February 21, 1884, the plaintiff was struck, knocked down, and injured by a. pine board, which was driven there by the force of the wind. The purpose-of this action was to recover the damages resulting from such personal injuries ; and it is alleged that they were caused solely by the negligence of the defendants. The defendants had on the west side of and adjacent to that street a lumber yard, and piles of lumber upon it. The evidence tends to prove that the board" by which the plaintiff was injured was blown from one of these-piles, and the charge of the defendants’ negligence is that they had failed to-use any of the usual and ordinary means of fastening the top boards to the pile. The pile of boards in question was placed there in 1882. Then the top-portion of it was tied down by what was designated as a “yoke, ” which held together several courses. This seems to have been the usual manner of applying fastenings to lumber piles in that locality. The lumber had become-thoroughly seasoned, and some time prior to the time of the injury, and after the 1st of January of that year, the fastening had been taken off, and some of the pile from time to time removed, leaving it about 17 feet in height. The yoke was not replaced, although it would occupy only a few minutes’ time to-do it. At the time in question there was a high wind from the south-west, which took boards from the pile, and carried them some distance through the air, and the one which struck the plaintiff was thus taken upivards of 70 feet to the place of the accident. The defendants were charged with the duty to-use such precautionary means as were reasonable to protect those traveling upon the adjacent streets and other persons against injury which might be-apprehended from the force of the wind upon lumber piled in their yard. It. was known, and had been matter of observation, that the wind at times moved with considerable velocity in and about that locality, and that the surface boards of piled lumber were by it liable to be blown from the piles unless fastened to their places by some adequate means. The defendants were therefore charged with the duty of using reasonable care to guard against the injurious consequences to others which might otherwise result from such *743 causes. Mayor v. Bailey, 2 Denio, 433; Ward v. Telegraph Co., 71 N. Y 81. It is, however, contended by the defendants’ counsel that they performed this duty by continuing the fastening yoke upon the pile until they commenced to remove the lumber from it, and that thereafter, while they were from time to time engaged in taking it away, reasonable diligence did not require of them the restoration of the stay apparatus. This may have been so, in a qualified sense if they were continuously engaged in taking lumber from the pile, and if there was no apparent occasion to apprehend any such danger from the exposure during such time; but at the time in question they had not for several days been engaged in taking any of the lumber from the pile, and, so far as appears, it was at ‘intervals only that this had been done. In that season of the year high winds are not uncommon, and it cannot be said, at least as matter of law, that the failure to apply suitable means of protection against the danger that might result from the condition of exposure to the operation of the wind in which the pile was left did not charge the defendants with the want of the reasonable diligence required of them in that respect. The conclusion was warranted that if they had been free from negligence the injury complained of would not have been suffered by the plaintiff.
But the burden was with the plaintiff to prove that the negligence of the defendants was the sole cause of such injury. It is urged on the part of the-defense that the evidence failed to show that the plaintiff, by the exercise of the care required of him under the circumstances, would not have avoided the accident. If the plaintiff had stood still, looked, and reasoned, when first advised of danger, and acted upon a well-rguided judgment, he may, and very likely would, have put himself in a place of safety. But his failure to do this did not necessarily charge him with contributory negligence. Having gone south on the west side of Louisiana street, to near its junction with the west end of Mackinaw street, he was about to cross over to the east side of the former street, when the alarm came suddenly that boards were flying in the air. By proceeding as he did to cross the street, he increased the distance between himself and the piles of lumber, but may have got more in the line of the wind from the pile in question than he was when he started to cross the street. It is therefore said that the plaintiff unnecessarily ran into a place of danger. This was very properly a question for the consideration of the jury. But, in view of the situation and circumstances of the occasion, it cannot, as matter of law, be held that the plaintiff was guilty of contributory negligence. This disturbance of the lumber was produced suddenly, by a gust of wind, and, as the person who was with the plaintiff expresses it, “ there was a sudden gust of wind raised the lumber up, and blew it over into the road. I told Wright to look out, that the lumber was coming; and I started and ran over towards the sidewalk on the east side, and I turned around and saw him lying on the ground.” The place where he was struck and fell was near the walk on the east side of the street. When he started to cross he was near the lumber-yard, which was on the west side of and near the street. It may be inferred from the evidence that the plaintiff proceeded rapidly to increase the distance between him and the yard containing the lumber, and did it to escape what he then supposed was the place of greater danger; and it is urged that, because he pulled his coat over his head, and proceeded across the street without looking to see where the boards were flying, he failed to exercise the care which he was required to observe for his own protection. It is the duty of persons in approaching places where danger may be apprehended, or when in the midst of danger, to use their faculties to avoid injury, and if negligent in that respect they are without remedy. Barker v. Savage, 45 N. Y. 191; Belton v. Baxter, 54 N. Y. 245; Donnelly v. Railroad Co., 109 N. Y. 16, 15 N. E. Rep. 733. But failure to exercise the best judgment, or to use the most available means for safety, does not necessarily constitute contributory negli *744 gence. The duty oí a person, for his own safety, to take careful observation when approaching places furnishing known causes of danger, is not in the same degree imposed, to relieve him from the charge of negligence, in cases of peril suddenly coming from unexpected causes. In the former case he is put upon his guard, and usually has the opportunity of deliberation, while in the latter sudden surprise may be followed by confusion and impulsive action on his part, and deny to him temporarily the power to deliberately exercise his judgment. Hence it is that the question of contributory negligence may be dependent upon the circumstances, and, in view of the influences that control human action, is not always the consequence of failure to exercise the greatest prudence or the most exact judgment in cases of emergency. Buel v. Railroad Co., 31 N. Y. 314; Coulter v. Express Co., 56 N. Y. 585; Dyer v. Railway Co., 71 N. Y. 228; Twomley v. Railroad Co., 69 N. Y. 158; Lowery v. Railway Co., 99 N. Y. 158, 1 N. E. Rep. 608, Sherry v. Railroad Co., 104 N. Y. 652, 657, 10 N. E. Rep. 128. It may be assumed that the sudden gust of wind and its effect upon the lumber piles were not within the anticipation of the plaintiff as he approached near to the yard, or until it occurred. It was preceded by no warning, nor can it be said that there was such a method in the manner and line of the movement of the boards blown from the piles as necessarily to enable the plaintiff to determine on the instant where in the street there was the least danger from the lumber set flying and scattered about by the wind. He ran'from the side of the street where were the lumber piles to escape danger. He by this means sought to get beyond the'reach of the falling boards; and, while it may not have been the most prudent thing for him to do, and the. manner of doing it may not have been the most precautionary, the charge of contributory negligence was not for the court to determine. The question was one of fact for the jury, and their conclusion that the negligence of the defendants was the sole cause of the plaintiff’s injury, was supported by the evidence.
The defendants’ counsel took exception to the exclusion of evidence offered on their part to prove that when the fastenings had been removed, the pile broken into, and lumber is being taken from it for sale, delivery, or use, the custom and habit of the lumber dealers in Buffalo is not to thereafter retie or fasten the lumber upon the pile. The question of the admissibility of this evidence was determined adversely to the defendants’ contention, on review of a former trial of this action. 42 Hun, 77. And we see no occasion to modify the rule in that respect then applied by this court. This evidence was offered as bearing upon the question of the defendants’ negligence, and as tending to excuse them for leaving the pile of lumber in the condition by which the boards loosely lying on the top of the pile, elevated nearly 20 feet above the ground, were exposed to liability of removal by the wind, and thereby imperiling travel on the street. Ho right to thus expose the public to danger can be derived from the habits or usage of others. The question of the defendants’ negligence must rest upon the circumstances relating exclusively to their own action or omission to act in that respect, in view of such apprehension as they w’ere required to observe. The cases cited by counsel, we think, do not support his contention upon that question. In those cases were involved questions of judgment and skill, in recognition of which evidence of general adoption and use for like purposes of the structures and appliances was permitted, as bearing upon the question of care on the part of the parties against whom the negligence was alleged. Dougan v. Transportation Co., 56 N. Y. 1; Crocheron v. Ferry Co., Id. 656; Cleveland v. Steamboat Co., 68 N. Y. 306, 312; Hart v. Bridge Co., 84 N. Y. 57. In the case at bar the question, in that sense, is not one of judgment or skill on the part of the defendants. They had used neither to guard against the consequences of the natural causes not within the control of human agency, nor were the custom and habits which they proposed to prove founded upon any skill resulting *745 from any plan of protection devised by the judgment of the lumber dealers. It was simply the habit of doing nothing, and depending upon the forbear.ance or abatement of the wind while their piles of lumber should beso unprotectedly exposed. Ho other question seems to require the expression of eon.sideration. The judgment and order should be affirmed. All concur.