## ATKINSON *v.* OELSNER.

(*Supreme Court, General Term, First Department.* July 18, 1890.)

NEGLIGENCE—EVIDENCE.
While crossing a street plaintiff was run over by defendant's wagon, and rendered unconscious. He testified that he remembered looking in both directions before attempting to cross. An eye-witness testified that plaintiff was knocked down by the wagon or the horse. Another eye-witness testified that he saw plaintiff fall, and thought that it was the horse or shaft that struck him; that the wagon was being driven "at a pretty nice gait," and that the driver did not stop until he had gone about 125 feet from where the accident occurred. The driver was not called as a witness. *Held,* that the case was properly sent to the jury.

2. APPEAL—HARMLESS ERROR.
Error in refusing to strike out plaintiff's testimony as to a conversation with the doctor at the hospital, in which the latter told him he had a lot of ribs broken, was harmless, in view of competent evidence, wholly uncontradicted, that plaintiff had sustained a fracture of the ribs.

Appeal from circuit court, New York county,

Action by William D. Atkinson against Rudolph Oelsner. Judgment was entered on a verdict for plaintiff, and an order was entered denying a motion for a new trial, and defendant appeals.

Argued before VAN BRUNT, P. J., and BARRETT and BARTLETT, JJ.

*Ashbel P. Fitch,* for appellant. *Hermon H. Shook,* for respondent.

BARTLETT, J. This case has been submitted without oral argument. The only point urged in behalf of the appellant is that a verdict should have been directed in his favor on the ground that there was no evidence that his servant had been negligent in driving the wagon by which the plaintiff was injured. The proof as to the circumstances of the accident was quite meager, but I think it was sufficient, in the absence of any explanation on the part of the defendant, to warrant the inference of negligence. On the afternoon of September 23, 1886, while the plaintiff was crossing Forsyth street, at the intersection of Delancey street, in the city of New York, he was knocked down by a beer wagon, or by the horse drawing the same, which was driven by one Charles Rint, an employe of the defendant. The plaintiff himself was rendered unconscious, or nearly unconscious, by the injuries which he received, and was not able to give any account of how the accident happened, but he did testify to facts indicating that it was not attributable to any fault on his own part. He was on the right-hand side—the north side—of Delancey street, going towards Broadway, and was carrying a parcel of umbrella sticks on his left shoulder. When he got to Forsyth street he raised the bundle, and looked one way, to see if anything was coming, and then looked the other, to see if anything was coming from that direction. He did not see anything coming, and walked across beyond the car track, after which he has no memory of what occurred until he regained consciousness subsequently to the accident. In the brief for the appellant it is stated that none of the witnesses saw the plaintiff struck by either horse or wagon. I do not so read the evidence. The witness Carpenter testified to seeing the plaintiff first on the curb, with the bundle of canes on his shoulder, and then said: "The next I saw of him was in the center of the street, knocked down by a beer wagon, or by a horse. * * * I did not see the wagon coming up Forsyth street until it struck him. He was knocked down there by a shaft or by the horse." It is true the witness could not tell whether the horse or the shaft struck the person of the plaintiff, but his inability to speak with precision on this point is of no consequence. He is positive that the plaintiff was thrown down by

the vehicle or by the animal that drew it, and that is enough. The other eye-witness of the accident was the police officer, Rooney. He saw Mr. Atkinson fall, and thought it was the horse or shaft that struck him, but could not see or say just where it struck him. The testimony of this policeman indicated that the wagon was being driven at such a rate of speed, and with such a careless outlook on the part as the driver, as to charge him with negligence. He says: "I saw the man fall, and the driver was driving at a pretty nice gait, and I ran after him, hollowing to him to stop, and I suppose I went about 125 feet before he did stop." The plaintiff's testimony shows that there was nothing to obstruct the view, and the fact that the driver went on such a distance after knocking down the plaintiff tends to prove that he was so unobservant as not to know what he had done, or was going so fast that he had difficulty in checking his horse, and it seems not improbable that both these elements of negligence entered into his conduct on this occasion. The witness Carpenter agrees with the officer as to the speed of the beer wagon, saying: "I know he was going pretty well, because after the man was knocked down the officer did not get him [the driver] until probably 100 feet or more beyond where the accident happened." The driver was not called to explain how he came to run over or run down the plaintiff. The defendant himself, however, confirmed the evidence of the plaintiff's witnesses to the effect that the wagon was an open one, so that its construction offered no obstacle to the driver's view of persons upon the cross-walk. Taking all the proof together, it showed, not merely the occurrence of an accident, but that it occurred under circumstances from which negligence on the part of the defendant's agent might legitimately be inferred; and the trial court was therefore right in giving the case to the jury.

There is an exception in the record to the refusal of the court to strike out the plaintiff's testimony as to a conversation with the doctor at the hospital, in which the doctor told him he had a lot of ribs broken. So far as this statement was concerned, the motion ought to have been granted, but the error in denying it was harmless, as there was other competent medical testimony in the case, wholly uncontradicted, to the effect that the plaintiff had sustained a fracture of the ribs. The judgment under review ought to be affirmed. All concur.