## ELZE v. BAUMANN.

(New York Superior Court — General Term, January, 1893.)

In an action to recover for personal injuries, the evidence showed that just as plaintiff, a boy six years old, stepped upon a crosswalk to go to the other side of the street, defendant's team swerved, and, though plaintiff tried to recover himself and get back upon the sidewalk, the horses struck him and the wheel went over him, doing serious bodily harm. The driver at the time, was looking behind the wagon or sideways and could not have seen the plaintiff. The trial judge dismissed the complaint upon the ground of absence of negligence on the part of the defendant and of proof connecting defendant with the acts charged, and also on the ground of contributory negligence. *Held,* error; that the negligence of defendant and the absence of contributory negligence of plaintiff might be inferred from the evidence, and the case should have been submitted to the jury.

APPEAL by the plaintiff from a judgment entered upon the direction of the trial judge, dismissing the complaint.

*Wm. C. Beecher,* for plaintiff (appellant).

*Benno Loewy,* for defendant (respondent).

McAdam, J.   The action was brought to recover $10,000 damages for injuries received by the plaintiff by being knocked down and run over by a two-horse truck, driven by a servant of the defendant.   It appears that the plaintiff, a boy then six years of age, started to cross Avenue A at Fifteenth street, July 19, 1889, when the defendant's two-horse truck, in charge of his driver, was being driven up the avenue on the farther side from where the boy was.   Just as the boy stepped down onto the crossing the defendant's team suddenly swerved to the left, and though the boy tried to recover himself and get back upon the sidewalk, the horses came so quick that they were upon him before he could do so; he was knocked down, the front wheel passing over him, doing serious bodily harm.   When the plaintiff rested his case, the trial judge declined to send the questions of fact involved to the jury for determination, and dismissed the complaint upon the ground of absence of negligence on the part of the defendant and of proof connecting the defendant with the acts charged, and also upon the ground of contributory negligence.

In determining the correctness of the nonsuit, the plaintiff is, under the practice, entitled to the most favorable inferences deducible from the evidence, and all the contested facts are to be deemed established in his favor.   *Rehberg* v. *Mayor*, 91 N. Y. 137–141; *Galvin* v. *Mayor*, 112 id. 223–230; *Weil* v. *Dry Dock, etc., R. Co.*, 119 id. 152, 153, and kindred cases. And when from the facts and circumstances shown, inferences are to be drawn which are not certain and incontrovertible, the question becomes one of fact for the jury.   *Weil* v. *D. D. R. R. Co., supra.*   Where, from the evidence, negligence of a defendant may reasonably be inferred, nonsuit is error. *Hill* v. *9th Ave. R. R. Co.*, 109 N. Y. 239.   Where the facts are capable of more than one construction or inferences are to be drawn respecting which minds might differ, the question is one of fact for the jury.   *Belton* v. *Baxter*, 58 N. Y. 411; *Thurber* v. *Harlem Bridge, etc., R. Co.*, 60 id. 326; *Maher* v. *Central Park, etc., R. Co.*, 67 id. 54; *Stackus* v. *New York Central, etc., R. Co.*, 79 id. 464; *Hart* v. *Hudson B.*

*Co.*, 80 id. 622; *Payne* v. *Troy, etc., R. R. Co.*, 83 id. 572; *Harris* v. *Perry*, 89 id. 312.

To justify a nonsuit on the ground of the presence of contributory negligence or the absence of negligence, the facts must appear so clearly that no construction of the evidence, or inference drawn from the facts, would have warranted a contrary conclusion, and that a verdict the other way would have been set aside as against evidence. *Kain* v. *Smith*, 89 N. Y. 375. Though the acts of a party might justify a jury in finding contributory negligence on his part, this is not enough. If the acts were capable of different constructions, it was for the jury and not the court to determine which view should prevail. *Steivermann* v. *White*, 48 N. Y. Super. Ct. 523. With this brief review of the facts and of the law applicable to nonsuits, we will proceed to the salient features of the case at bar with reference to the points urged for and against the determination made below.

In order to recover, the plaintiff was bound, of course, to prove negligence on the part of the defendant or his employee in the line of his duty, and freedom from fault on his own part. This lies at the very foundation of the action. The term "negligence" has been variously defined, but, after all, means nothing more nor less than the absence of care according to the nature of the duty and the exigencies of the case. In other words, it is the omission to do something, or the doing of something, which a reasonable man, guided by those considerations which ordinarily regulate the conduct of human affairs, would do or omit to do under like circumstances.

To carry a case to the jury, the evidence on the part of the plaintiff must be such as, if believed, would authorize them to find that the injury was occasioned solely by the negligence of the defendant. *Johnson* v. *Hudson River R. Co.*, 20 N. Y. 73; *Warner* v. *N. Y. C. R. R. Co.*, 44 id. 471; *Cordell* v. *New York Central, etc., R. Co.*, 75 id. 330.

The character of the defendant's delinquency, however, may be such as to prove, *prima facie*, the whole issue; or the case may be such as to make it necessary to show by inde-

pendent evidence that the plaintiff did not bring the misfortune upon himself. No more certain rule can be laid down. *Johnson* v. *H. R. R. R. Co.*, 20 N. Y. 73. Indeed, the absence of any fault on the part of the plaintiff may be inferred from the circumstances, in connection with the ordinary habits, conduct and motives of men. Moak's Underhill on Torts, 311, 312. The accident complained of occurred upon the highway, on which pedestrians have the same rights as drivers of vehicles. These thoroughfares belong to the public and are to be used in common by all alike as circumstances require. *Belton* v. *Baxter*, 54 N. Y. 245; *Brooks* v. *Schwerin*, Id. 343.

The only qualification to this rule is one drivers generally disregard, which is, that upon arriving at street crossings in cities, they are bound to notice foot passengers and take reasonable care not to injure them. If the driver fails to look out for them, or when he sees, does not, so far as in his power, avoid them, he is chargeable with negligence. *Murphy* v. *Orr*, 96 N. Y. 14; *Moebus* v. *Herrmann*, 108 id. 349; *Atkinson* v. *Oelsner*, 10 N. Y. Supp. 822; 32 N. Y. St. Repr. 1088.

These regulations, necessary to protection, apply to men, women and children alike, and in dealing with the question, the law will never hold it imprudent in anyone to act upon the assumption that another in his conduct will act in accordance with the rights and duties of both. *Steiverman* v. *White*, 48 N. Y. Super. Ct. 523. There is no positive rule of law which requires parents to keep their children housed at the peril of losing the safeguards of the law; these are denied to no one. It has been decided that it is not negligence, as matter of law, for the parents of a bright child of but four and a half years old, living in a crowded locality in a city, with no other place for amusement, to permit the child, with proper instructions and directions, against going into the street, to play upon the sidewalk without an attendant, and whether it was negligent, under particular circumstances, is a question of fact for the jury. *Birkett* v. *K. Ice Co.*, 110 N. Y. 504; *McGarry* v. *Loomis*, 63 id. 104; *McGuire* v. *Spence*, 91 id. 303; *Kunz* v. *City of Troy*, 104 id. 344. Nor was it neces-

sarily negligence for the child to attempt to cross the street. A person on foot has a right to cross the highway when and wherever he pleases, so long as he interferes with the rights of no one else in their use of the public roadway.

The books contain many adjudications in cases where children have been injured while upon the streets, or in efforts to cross them. The earlier cases enforced a strict rule, the later a more liberal one. In *Hartfield* v. *Roper*, 21 Wend. 615, it was held to be negligence to allow a child of tender years to go into the highway unattended. In *Mangan* v. *Brooklyn City R. Co.*, 36 Barb. 230, the court qualified this language by holding it was negligence "knowingly to allow" a child of tender years to go at large in the public streets without a protector. But on reversing the judgment of nonsuit, the Court of Appeals held (*S. C.*, 38 N. Y. 455) "that the escape of the child into the street through an open window, coming to within four feet of the ground, this being his only means of egress, the door being locked, will not warrant the conclusion, as matter of law, that the parent was guilty of negligence." In *Fallon* v. *Central Park, etc., R. Co.*, 64 N. Y. 13, the mother left the child alone in the room adjoining the street, the door being open, with directions to return to the yard, but the child went out into the street, where it was run over by the defendant's car. Held, that the question of the mother's negligence was properly submitted to the jury. Subsequent cases make the rule still more liberal. Reference will be made to but a few.

In *Barrett* v. *Smith*, 128 N. Y. 609, it appeared that a child four years of age was playing on the street, where she was run over by a truck which came upon her unaware. The child, in her terror, first turned one way, and then toward the horses, and got in front of them and was injured. The court said "she tried to save herself from a danger which she might reasonably anticipate, but did precisely the wrong thing. Her mistake, however, does not deprive her of her remedy, provided the jury find that the driver was guilty of negligence." The nonsuit, "which was placed exclusively on the ground of no negligence on the part of the driver," was set aside. In *Levy*

v. *Dry Dock, etc., R. Co.*, 35 N. Y. St. Repr. 770, it appeared that a child four years of age was run over by one of the defendant's cars. The evidence tended to show that the driver of the car (which was a one-horse car) had his face turned toward the inside of the car, and that he did not turn to look forward until attracted by the cries of the people on the sidewalk. Held, that a nonsuit must be set aside.

In *Mallard* v. *Ninth Ave. R. R. Co.*, 27 N. Y. St. Repr. 801, plaintiff's intestate, a child nine or ten years old, was crossing a street and stopped two feet from the car track with her back to it, to call her companions to follow her. On turning and attempting to cross the track she was struck and run over by a car which was being driven at a rapid pace. Held, (1) That the facts required the submission to the jury of the question whether the car driver exercised ordinary care under the circumstances. (2) If the car driver by the exercise of ordinary care, could have prevented the accident, he was the sole cause of the injury, and the negligence of the child would not prevent a recovery. Nonsuit set aside.

In *Cowan* v. *Snyder*, 5 N. Y. Supp. 340, it appeared that the plaintiff, a boy eight years old, in crossing a railroad track in the street of a city, stumbled and fell, and that while he was in the act of rising, he was struck and injured by a coach and team in charge of defendant's servant. Held, that whether the driver of the coach was negligent was a question for the jury. See, also, *Thurber* v. *Harlem, etc., R. R. Co.*, 60 N. Y. 328. In *Weil* v. *Dry Dock, etc., R. Co.*, 119 N. Y. 147, the plaintiff, a child hardly two years of age, while playing on the street, was run over by one of the defendant's cars. The complaint was dismissed on the ground that the parents were negligent. Held, that this question on the evidence should have been submitted to the jury. Nonsuit set aside.

There are a number of reported cases, holding that it is negligence *per se*, for a foot passenger to attempt to cross a public thoroughfare ahead of vehicles of any kind under such circumstances upon "nice calculations" of the chances of injury, but these were placed upon the ground that the foot

passenger had no priority over the drivers of vehicles, and that having voluntarily assumed a danger, he cannot complain of the consequences *volenti non fit injuria*. *Belton* v. *Baxter*, 54 N. Y. 245. Of this class is the case of *Fenton* v. *Second Avenue R. R. Co.*, 126 N. Y. 625, relied on by the defendant. There it appeared that an intelligent, healthy lad, ten years of age, attempted to run ahead of a car the horses of which were on a trot. The boy stumbled and fell, and the car passed over him, causing death.

The court held that the car had a preference in the street, that the accident did not happen *at a street crossing*, and hence the driver had no reason to anticipate the presence of the boy in front of his car, and that the boy, seeing the peril, was bound to use reasonable caution to keep out of the way of the impending danger which must have been apparent to him when he unwisely assumed the risk of attempting to escape from it. The judgment entered on a verdict in favor of the plaintiff in the court below was, therefore, properly reversed. The principles laid down in these two cases, have no application, however, to the facts of the present contention, which take it out of the rule established there, and bring it within one entirely different. The distinction is too apparent to require discussion.

In actions for injuries to children, the question prominently discussed is whether or not the child is *sui juris*. If *non sui juris*, there must be concurring negligence on the part of the parents or guardian, and in the absence thereof, the doctrine of contributory negligence has no application. *Kuntz* v. *City of Troy*, 104 N. Y. 351. If the child is *sui juris*, the standard of care to be exercised by it varies with age and capacity. 4 Am. & Eng. Enc. of Law, 43. In examining the cases upon the subject it will be observed that slight circumstances have caused different results, which suggests that care must be taken to discriminate between those in which the child was held to be *sui juris* as matter of law or fact; those in which the finding of negligence on the part of the defendant was the sole point presented to the appellate court for review;

others in which the child was held to be *non sui juris,* and the point was imputable negligence on the part of the parents or guardian, and the amount and kind of care (depending on the peculiar circumstances) required from them; next, those wherein the child was *sui juris,* and the jury determined the amount of care required by it according to its capacity to appreciate and avoid danger; and lastly those wherein the child was accompanied by protectors or others, in which that fact was considered a material circumstance in determining the question of liability. Indeed, no other controversies present a field in which circumstances and detail play a more important part.

If the child is *non sui juris* it is supposed to be incapable of appreciating the necessity of caution and of exercising judgment and discretion. If *sui juris,* it is, therefore, held only to that degree of care and caution as is reasonably to be expected of a person of his age. *Thurber* v. *Harlem, etc., R. Co.,* 60 N. Y. 326; *O'Mara* v. *Hudson R. Co.,* 38 id. 445; *Ihl* v. *Forty-second St. R. Co.,* 47 id. 317; *Kuntz* v. *City of Troy,* 104 id. 350; Shear. & Redf. on Neg. § 73, and cases cited. In *R. R. Co.* v. *Gladmon,* 15 Wall. 401, HUNT, J., said: " Of an infant of tender years less discretion is required than of an adult and the degree depends upon his age and knowledge. Of a child of three years of age less caution would be required than of one of seven, and of a child of seven less than one of twelve or fifteen. The caution required is according to the maturity and capacity of the child, and this is to be determined in each case by the circumstances of that case." The question as to what age an infant's responsibility is presumed to commence in most cases is not for the jury but for the court. (*Tucker* v. *N. Y. C. R. R. Co.,* 124 N. Y. 308; *Nagle* v. *Allegheny Valley R. Co.,* 88 Penn. St. 35; *Dietrich* v. *Baltimore, etc., R. Co.,* 58 Md. 347), and in the absence of evidence tending to show that an injured infant twelve years of age was not qualified to understand and appreciate the necessity for observing that degree of caution in crossing a railroad track which an adult would, he must be deemed

*sui juris.* *Tucker* v. *New York Central, etc., R. Co.,* 124 N. Y 318. In a previous case, the court said, "a child seven years of age is not, as a matter of law, *sui juris* so as to be chargeable with negligence." From the nature of the case, it is impossible to prescribe a fixed period when a child becomes *sui juris.* Some children reach the point earlier than others. It depends upon many things, such as natural capacity, training, habits of life, and surroundings. These, and other circumstances, may enter into the question. It becomes, therefore, a question of fact for the jury where the inquiry is material, unless the child is of so very tender years that the court can safely decide the fact. *Stone* v. *Dry Dock, etc., R. Co.,* 115 N. Y. 104. The effect of being *non sui juris* is "that the defendant is legally responsible for the injury, notwithstanding the negligence of the infant, unless it appears that the parents or guardian were negligent in permitting the child to be brought into the situation which subjected it to the hazard and resulting injury." *Kuntz* v. *City of Troy,* 104 N. Y. 350. This rule as to imputed negligence of the parents or guardian, must be applied, however, only to cases in which the child itself failed to use that degree of care which would be required from an adult. If it has, in fact, been as free from negligence as an adult would be expected to be, no amount of negligence on the part of its parents or guardian can effect its rights to recover (except, of course, as their acts, in breaking the sequence of events, might affect any other person). The whole theory of imputed negligence rests upon the assumption that the child has acted in a manner which would be negligence, if it had been of full age. Shearman & Redf. Neg. § 79. The evidence shows that the plaintiff had just stepped off the sidewalk to cross avenue A, on the upper side of Fifteenth street. The defendant's truck was on the other side of the avenue, and was going across the street right by the sidewalk; the horses swerved suddenly to the left, and caught the plaintiff just as he was stepping off the sidewalk. The plaintiff tried to recover himself; then the horses struck him, and the wheel went over him. We fail to discover in this any

carelessness on the part of the plaintiff contributing to the accident, and there can, therefore, be none on the part of his parents or guardian. The plaintiff was lawfully upon the sidewalk at the time, and in the exercise of a legal right when he attempted to cross the avenue, and if the defendant's driver had performed the duty incumbent upon him, of looking out for foot passengers at the crossing, and made reasonable efforts to avoid the plaintiff, the accident would not have happened. Instead of performing this plain duty, and looking out for pedestrians that might be in front of him, the evidence shows that at the time the plaintiff was injured, the defendant's driver was looking behind the wagon, or sideways, and could not have observed the plaintiff. This was certainly a strong circumstance tending to show that the driver was responsible for the accident, and the plaintiff blameless. At all events, the facts were sufficiently strong to require the submission of these questions to the jury.

The plaintiff had the right to presume that the defendant's servant would act with due care, and was not bound to anticipate culpable negligence on his part (Shear. & Redf. on Neg. § 92), and the plaintiff's freedom from contributory fault may be inferred from the absence of all appearance of fault, either positive or negative. Id. § 112. For negligence a relative term depends upon the degree of care necessary in a given case. The defendant contends that even if there was negligence, there is no evidence connecting him with the liability as owner of the truck or employer of the driver. The proofs show that the truck had upon it the name "E. Bauman & Bros., 36 & 38 Avenue C," and this was sufficient to authorize a finding that the truck belonged to a firm doing business under that name at that place, and as ownership of personal property draws to it the possession, it will also be inferred that the driver was in its employ. *Norris* v. *Koehler*, 41 N. Y. 42; *Seaman* v. *Koehler*, 122 id. 646. But the proofs did not even rest there. The fifth paragraph of the complaint alleges that "George Bertell was in charge of defendant's truck at the time of the accident, and was driving the same,"

and the answer by not denying this allegation admits the truth of it. Code, § 522. In addition to this, the witness Cowan testified that Bertell was driver, and he identified him as the same person who answered to that name in the Police Court when charged with the reckless driving, and whether the defendant owned the truck or not, the fact that his employee, Bertell, had charge of it at the time was sufficient to charge him with liability on the principle of master and servant.

Nonjoiner of the other member of the firm was not pleaded, and if it had been would probably have been unavailing to the defendant in an action for a tortious act. It is difficult, therefore, to discover any ground upon which the action of the trial judge can be sustained.

The dismissal of the complaint was error for which the judgment must be reversed and a new trial ordered, with costs to the appellant to abide the event.

FREEDMAN and GILDERSLEEVE, JJ., concur.

Judgment reversed, new trial ordered, costs to abide event.