CLARA OTTENDORFF, as Administratrix, etc., of JOHANN PHILLIP OTTENDORFF, Deceased, Respondent, *v.* JAMES WILLIS, Appellant.

*Pedestrian crossing a street — duty of a driver of a truck — the court may suggest the recalling of a witness.*

If a pedestrian starts to cross a street while a truck is standing still his action in so doing is not careless, and the driver of the truck is bound to avoid him.

Where the driver of a truck sees a person crossing the street and observes that he is an old man and appears timid, his proper course is to delay starting his team until such person has passed in front of him.

It is within the discretion of a trial court, after the plaintiff has rested his case, to suggest and permit the recalling of a witness and the obtaining of further testimony from him.

(DYKMAN, J., dissenting.)

APPEAL by the defendant, James Willis, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 9th day of January, 1894, upon the verdict of a jury, rendered after a trial at the Kings County Circuit, and also from an order entered in said clerk's office on the 12th day of January, 1894, denying the defendant's motion for a new trial made upon the minutes.

*Henry L. Scheuerman,* for the appellant.

*Norman A. Lawlor,* for the respondent.

BROWN, P. J.:

The plaintiff's intestate while crossing South street, in the city of New York, was run over by a large truck owned by the defendant and received injuries from which he died. The accident happened about midday upon the crossing leading from Roosevelt street ferry to the southwest corner of South and Roosevelt streets. The deceased was coming from the ferry and the truck was being driven to the dock of the Clyde line of steamships. The only witnesses who saw the accident and attempted to describe it were the driver of the truck and a man named Leo. The latter was called by the plaintiff, and when she rested her case it did not appear which party was to blame. At the suggestion of the court Leo was thereupon recalled and testified as follows: "This truck was standing still on Roosevelt street. This old gentleman was walking ahead when it was standing still. He was about fifteen feet from the truck when it started; while he was walking ahead. When it started Ottendorff was walking right ahead of the truck. He was always in front of the truck. I should judge about eight feet at that time; he was in front of the truck, and the driver whipped up his horses. He was eight feet away from the truck — six feet from the truck. There was three crosswalks there, two straight ones and a slanting one from the ferry, and this old gentleman was walking on the slanting crosswalk towards Roosevelt street; then the truck was standing on the side of Roosevelt when he started ahead

and struck the old gent. If the old man had stopped when the truck started ahead he would not have been hit. He was not in line with the truck; he kept right ahead going ahead of the truck." "The driver of the truck brought his truck between Ottendorff and the sidewalk. There was more than fifty feet beyond where he could have gone clear. This truck was driving towards the downtown side on Roosevelt street; going towards the river side."

The driver contradicted this evidence and gave testimony which, if believed, entirely exonerated him from fault and placed the blame upon the deceased.

I think the case was for the jury.

If the deceased started to cross the street while the truck was standing still his action in so doing was not careless, and the driver of the truck was bound to avoid him.

The driver testified that he saw the deceased and observed that he was an old man and appeared timid, and his proper course was to have delayed starting his team until the deceased had passed in front of him. The evidence, I think, permitted the conclusion that the driver was negligent and that the deceased exercised due care. It was within the discretion of the trial court to permit the witness Leo to be recalled, and the exception to that ruling presents no question upon this appeal. Whether Leo's testimony was worthy of belief was a question for the jury and not for the court.

The judgment and order should be affirmed, with costs.

CULLEN, J., concurred.

DYKMAN, J. (dissenting):

This is an action under the statute to recover damages resulting from the death of Johann Phillip Ottendorff.

The plaintiff, who is the administratrix of the deceased, recovered a verdict for $1,500, and the defendant has appealed from the judgment entered thereon and from the order denying a motion for a new trial upon the minutes of the court.

The accident occurred on the 18th day of January, 1890, upon the crosswalk leading from the Roosevelt street ferry diagonally across South street.

The deceased was coming from the ferry. At that time a heavily-laden truck drawn by two horses belonging to the defendant, and

driven by a person in his employ, was waiting to go to the Clyde dock, and to reach there it was necessary to cross the diagonal sidewalk.

But one person who witnessed the accident was called by the plaintiff, and his testimony was quite unsatisfactory. In one portion of his evidence he said he saw the wagon and the man approach each other, and saw the accident, but did not know how it was.

When the plaintiff rested the defendant made a motion to dismiss the complaint, and the trial judge intimated that the case was very meagre with respect to the party who was in fault.

Thereupon a witness was recalled, who said the truck was standing still, and started after the deceased was in front of it.

Then the motion for a nonsuit was denied, and the defendant called the driver of the truck as a witness, and he said he shouted to the deceased, who stopped, and then he, the driver, got under way, and thereupon the deceased attempted to run around ahead of the team; that he got nearly past the team when the cross bar struck him.

That testimony harmonized with the evidence of the plaintiff's witness, and with all the other proof introduced by the defendant.

In view of the rule of law that negligence on the part of the defendant and freedom therefrom on the part of the injured person are affirmative facts to be established by the plaintiff by a preponderance of proof, we think the plaintiff failed to sustain the burden thus cast upon her.

All the witnesses were disinterested, except as it may be said the driver was interested to show himself free from fault. Yet he was fully corroborated by the officer. In one material respect he was corroborated substantially by the chief witness of the plaintiff, who said the deceased kept walking straight ahead, and if he had stopped when the truck started ahead he would not have been hurt.

The driver said on that point that he just got started to go ahead as the deceased stopped, and then he put the whip on the horses, and the deceased attempted to run around the team.

In a case quite similar to this it was said by the Court of Appeals that " It is negligence *per se* for a foot traveler to attempt to cross

a public thoroughfare ahead of vehicles of any kind under such circumstances, upon nice calculations of the chances of injury. If such attempt be made, and the calculations fail to the plaintiff's harm, he can have no redress for injuries received in his mistaken effort." (*Belton* v. *Baxter*, 54 N. Y. 245.)

To the same effect is the case of *Wendell* v. *N. Y. C. & H. R. R. R. Co.* (91 N. Y. 420).

The police officer saw more of the occurrence than the principal witness for the plaintiff, and, as he corroborates the testimony of the driver, the great preponderance of the evidence is in favor of the defendant. It shows the driver free from fault, and convicts the deceased of contributory negligence.

The condition and situation in which he was placed demanded from him a vigilant use of his eyes and a careful exertion of prudence, and it is plainly evident that the exercise of ordinary care and caution would have saved him from injury.

Instead of stopping and remaining in a place of safety, as he could easily have done, he moved forward into a situation of great danger which was plainly apparent.

The day was bright and there was nothing to obstruct the view or obscure the danger.

The proof, therefore, fails to establish negligence on the part of the driver, or freedom from negligence on the part of the deceased.

The judgment and order denying the motion for a new trial should be reversed and a new trial granted, with costs to abide the event.

Judgment affirmed, with costs.