Mo Adam, J.
The action is by the plaintiff, as administrator of his son, a bright boy, nine years of age, to recover $5,000 damages for the alleged negligence of the defendant, by means of which- the decedent was so seriously injured that he died. It appears that on November 27th, 1894, between five and six in the afternoon, the boy came from behind some wagons, and attempted to run across Sullivan street, and in some manner fell. One of the defendant’s cars came along the street towards the north, and when near Spring street some of the appliances of the car struck the intestate, causing death. The carts evidently hindered the driver from seeing the lad until the car had almost reached him, when he was discovered lying upon the track. One of the plaintiff’s witnesses swears that the driver was conversing with a passenger on the platform; and did not see the boy until the car was on him ; that it was a little dark at the time; and that the car was stopped in time to prevent the Wheels passing over the body. The defendant’s counsel, upon these facts, moved to dismiss the complaint on the ground that no cause of action had been made out against the defendant. The motion was granted upon the ground that the driver did not see the boy, and was not bound to anticipate that he was lying on the track. See Jetter v. Railroad Co., 2 Abb. Dec. 458, *41 N. Y. 154. It has been held that where the plaintiff’s negligence is not contemporaneous with but precedes that of the defendant, and the defendant might, by the exercise of care on his part, have avoided the consequences of the plaintiff’s neglect, a recovery may be had ; for a remote fault in one party does not, of course, dispense with care in" the other, if thereby a calamitous injury can be avoided, or an unavoidable calamity essentially mitigated. But in order to make this rule, which is prevalent in many "states, applicable, it must be made to appear that the defendant or its servant was aware of the danger to which the plaintiff was exposed. Zimmerman v. Railroad Co., 71 Mo. 476; Isabel v. Railroad Co., 60 id. 475; Chrystal v. Railroad Co., 105 N. Y., at page 170; 6 St. Rep. 833. There are a number of reported cases holding that it is negligence per se for a foot passenger to attempt to cross a public thoroughfare ahead of vehicles of any kind upon “ nice calculations” of the chances of injury, for the reason that the pedestrian has no priority over the drivers of vehicles, and, having assumed the danger, he cannot complain of the consequences. “ Volenti non fit injuria." Broom, Leg. Max. (7 th ed.) 268; Belton v. Baxter, 54 N. Y. 245; Elze v. Baumann, 1 Misc. Rep. at page 78; 49 St. Rep. 629; Clancy v. Railroad Co., 68 St. Rep. 789. Of this class of cases is that of Fenton v. Railroad Co., 126 N. Y. 625; 36 St. Rep. 385. There it appeared that an intelligent healthy lad, ten years of age, attempted to run ahead of a car, the horses of which were on a trot. The boy stumbled and fell, and the car passed over him, causing death. The court held *254 that the car had a preference in the street, that the accident did not happen at a street crossing, and hence the driver had no reason to anticipate the presence of the boy in front of his car, and that the boy, seeing the peril, was bound tó use reasonable caution to keep out of the way of the impending danger, which must have been apparent to him when he unwisely assumed the risk of attempting to escape from it. The judgment entered on a verdict in favor of the plaintiff in the court below was reversed. Á non-suit is proper if the evidence only suggests a possibility of negligence, or is as 'consistent with the absence of all negligence as with its existence. Shear. & R Neg. (4th ed.) § 56. As was said in Payne v. Railroad Co., 40 N. Y. Supr. Ct., at page 13
“ There must be something more than a probability of defendants' negligence. . There must be some element of moral certainty and exclusion of reasonable doubt. Justice requires that it should be proved that defendants committed the.wrong before they can be adjudged liable.”
In an action to recover damages for alleged negligence causing death, freedom of contributory negligence must be proved; and. where the circumstances point as much to the negligence of the deceased as to its absence, or point in neither direction, a refusal to nonsuit is error. Wiwirowski v. Railway Co., 124 N. Y. 420; 36 St. Rep. 405. The circumstances here rather point to the theory that the deceased, by his own imprudence, brought the injuries upon himself; and their consequences should not, therefore, be visited upon the defendant. There is no negligence where there is no breach of duty, and the breach, to be actionable, must be the proximate cause of the injury. If it is to be assumed from the facts that the defendant was guilty of negligence, it would be an equally fair inference that the deceased was likewise at fault, and that his contributory negligence, or the combined negligence of both, led to the accident. See Reynolds v. Railroad Co., 58 N. Y. 248; Day v. Railroad Co., 75 id. 610; Ogier v. Railway, 68 St. Rep. 803. While it is always preferable to send this class of cases to a jury for their opinion, it is evident that if the jury found for the plaintiff their verdict would have to be set" aside, and this is now made the test whether a nonsuit should be granted. Hemmens v. Nelson, 138 N. Y. 517; 53 St. Rep. 94; Linkauf v. Lombard, 137 N. Y. 417; 51 St. Rep. 63.
The application of the principles stated sustains the dismissal of the complaint, and the motion for a new trial must denied.