CAROLINE S. OGIER, as Administratrix, etc., of CYRUS MERRILL OGIER, Deceased, Respondent, *v.* THE ALBANY RAILWAY, Appellant.

*Negligence — injury to a child running in front of a motor car.*

An action was brought by an administratrix to recover the damages resulting from the death of her intestate, a child aged five years and three months, caused, as alleged, by the negligence of a corporation which was operating an electric street railroad. It appeared that at three o'clock in the afternoon, at a point where there was no crosswalk, the child was struck by a motor car moving at the point in question by gravity, at the rate of from four to five miles an hour upon the southerly track of the railroad; that a coal wagon was proceeding in an opposite direction upon the northerly track of the road, and was about opposite the motor when the deceased rushed from behind this wagon in a southerly direction and came upon the southerly track, at a distance of about five feet, in front of the advancing motor; the motorman first applied the brake and then reversed the power, but the car passed on and over the child.

*Held,* that upon the facts shown there was no proof of negligence upon the part of the defendant.

APPEAL by the defendant, The Albany Railway, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 28th day of May, 1894, upon the verdict of a jury rendered after a trial at the Albany Circuit, and also from an order entered in said clerk's office on the 29th day of May, 1894, denying the defendant's motion for a new trial made upon the minutes.

*Simon W. Rosendale,* for the appellant.

*Edwin Countryman,* for the respondent.

MAYHAM, P. J.:

This action was brought by the plaintiff, as administrator, for alleged negligence of the defendant in running its motor car against and over plaintiff's intestate, a child of the age of five years and three months.

The defendant was a railroad corporation owning and managing an electric street railroad in the streets of the city of Albany. While one of its motor cars was passing along Central avenue about three o'clock in the afternoon of the 27th of October, 1893, at a

rate of speed of about four or five miles an hour, the plaintiff's intestate, while attempting to cross the street, was hit and killed by such car. The accident occurred at a point in the street where there was no street crossing or crosswalk, at a locality where few pedestrians traveled upon or were accustomed to cross the street.

At the conclusion of plaintiff's evidence defendant's counsel moved to nonsuit the plaintiff upon the following grounds:

*First.* That the plaintiff has failed to establish a cause of action.

*Second.* The testimony fails to show that the deceased was free from negligence causing or contributing to the accident.

*Third.* That the evidence fails to show that any negligence on the part of the defendant caused the injury, or that the negligence of the defendant in any way caused or contributed to the injury of the deceased.

*Fourth.* The plaintiff has failed to show that she, as the mother of the intestate, was free from negligence in the care of the deceased, and that there was no negligence on her part in causing or contributing to the accident in question.

*Fifth.* That there is no evidence which would justify a verdict to be rendered from the plaintiff's testimony as it now stands.

*Sixth.* That the testimony fails to show any act of carelessness or negligence on the part of the defendant, or any of its officers or servants, which caused or contributed to this accident.

*Seventh.* The undisputed facts show that this child, over five years of age, suddenly came upon the track of this defendant, and within a short distance of its car while in motion; that the injury and death, which was the result of it, was an inevitable accident, for which the defendant is not liable.

*Eighth.* That the plaintiff was bound to show, before a recovery can be had, that she was free from negligence, and that the deceased was free from negligence, causing or contributing to this accident. This she failed to do.

*Ninth.* The testimony fails to show that fact, but, on the contrary, shows that there was such negligence on the part of the plaintiff here and of the intestate, causing or contributing to this injury, which would prevent a recovery.

*Tenth.* The undisputed facts show that the accident which caused the death of the plaintiff's intestate was the result of a sudden and

unexpected occurrence, not to be anticipated by the motorneer of the defendant's car, and hence there is no cause of action.

*Eleventh.* The acts of the plaintiff's intestate in running or coming in front of the defendant's car, in motion, as the undisputed testimony shows, was such negligence as would prevent a recovery in the case.

*Twelfth.* That the act of the plaintiff, the mother of the deceased, in permitting the intestate to be at the place where the injury occurred, was such contributory negligence as to prevent a recovery.

*Thirteenth.* That the testimony shows that the mother of the deceased was negligent in permitting the deceased to be at the place where the injury occurred, and there was such conduct on the part of the deceased, contributing to the accident, as would have defeated him in an action by him if he had been an adult.

*Fourteenth.* That the knowledge of the mother of the decedent as to the fact that the place was a dangerous one in the street, by the fact of the frequent passing and repassing of the cars of the defendant, imposed an additional duty on her to prevent the intestate from being in a place of danger, and her permitting him to be between the tracks unattended, was negligence contributing to the accident, for which no recovery can be had.

*Fifteenth.* That, from the evidence, no inference that can be indulged in, is consistent with the exercise of that care and prudence required by law under the circumstances on the part of the deceased, or on the part of the plaintiff.

*Sixteenth.* That the plaintiff has failed to give any evidence that the deceased was, as matter of fact, capable of exercising judgment or discretion.

The motion was denied, to which the defendant excepted.

At the conclusion of the defendant's testimony, a motion for a nonsuit was renewed upon the grounds above stated, and denied.

The first contention on the part of the appellant in this case is that there is a complete failure of proof to establish any negligence or wrongdoing on the part of the defendant in the management of the car by which the injury was inflicted.

Manifestly the burden was upon the plaintiff to establish some negligent act or omission on the part of the defendant which caused the injury before the plaintiff could recover.

The unfortunate killing of the boy, if it was the result of unavoidable accident on the part of the defendant in the movement of its cars, would not create a liability, so long as it appeared that the defendant was in the lawful and prudent use of the privileges conferred upon it by the franchise, which authorize the defendant to operate its railroad.

It was the duty, therefore, of the plaintiff, before a recovery can be had against the defendant, to establish some negligent or improper act or omission by the defendant which produced the injury complained of.

The undisputed facts shown by all the evidence on the part of the plaintiff and defendant fail, it seems to me, to prove the defendant guilty of any negligence or want of skill or care in the management of its motor, by which this unfortunate accident was produced.

The car was moving down the grade on the southerly track at a rate not exceeding five miles an hour within all the evidence, a rate of speed seven miles less than the maximum speed at which it was permitted to move within the charter or city ordinance.

It was running by its own gravity, the power having been taken off by the motorman, and the brakes were gently applied to prevent the car attaining too great a speed. One or two coal wagons were moving in front of the car in the same direction, and on the same track upon which the car was running. Two coal wagons were going west on the northerly track, the forward wagon of which was opposite the motor. From behind that wagon the decedent rushed southerly upon the track upon which the motor was running, at a point not exceeding five feet from the forward end of the car. Up to that time the evidence discloses that the presence of the child was unknown to the motorman, and he was hidden from the motorman's view by the intervening coal wagon.

The evidence discloses that after discovering the child the motorman did everything in his power to stop the car and thus prevent the injury, first applying the ordinary appliance of the brakes, and, fearing that ineffectual, reversing his power. All his efforts failed to save the child, and, I think, this must be regarded as one of the unavoidable accidents which sometimes occur, without fault, and against which the law furnishes no indemnity.

In *Chrystal* v. *The Troy & Boston Railroad Company* (105 N. Y. 164) it was held that a railroad company " is not responsible for an error of judgment on the part of the engineer as to the speed of his train, or his ability to stop it in time. All the engineer is bound to do after discovery of the peril is to use reasonable diligence and care to avert it."

In *Fenton* v. *The Second Avenue Railroad Company* (126 N. Y. 627) the court, in reversing a judgment for the plaintiff in an action somewhat similar to the one at bar, uses this language :

" Street railway cars have a preference in the streets, and while they must be managed with care so as not to carelessly injure persons in the street, pedestrians must, nevertheless, use reasonable care to keep out of their way.

" The unfortunate death of this boy was due to his own carelessness, or it was a pure accident, and in either event the defendant cannot be held responsible for it."

The evidence in this case, from which the above quotation is taken, showed that the injured party fell upon the track twenty feet in front of the team drawing the car, and that the horses, going at the usual rate of speed, would have reached him in two seconds, and that that was all the time the driver had to apply the brakes and arrest the motion of the car.

It appeared in that case that he did what he could, but failed, and the court held the company not liable. In the case at bar the car was within five feet of the child before the motorman could see it. He holloaed and the child undertook to retrace its steps. At the same time the motorman did all he could to avert the collision. Both failed in their efforts and fatal consequences resulted, which it appears to me were unavoidable.

This, perhaps, renders it unnecessary to examine the other point in the case, as to the contributory negligence of the mother, as it seemed to be conceded that the child was *non sui juris*, and that if negligence was imputable to the plaintiff or her intestate it must be the negligence of the mother and not the child.

I am of the opinion that within the authorities cited by the learned counsel for the respondent that was a question of fact for the jury, and properly submitted to them by the learned trial judge. But as we can find no proof of negligence or improper conduct on the part

of the defendant in the management of its car, we think the learned trial judge should have, upon the motion of the defendant, nonsuited the plaintiff, and his failure to do so was error for which this judgment should be reversed.

PUTNAM, J., concurred; HERRICK, J., not acting.

Judgment reversed and a new trial granted, costs to abide the event.

